**Lewis HODGE, Claimant–Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 98–7017.**

United States Court of Appeals, Federal Circuit.

Sept. 16, 1998.

---

Kenneth M. Carpenter, Carpenter, Chartered, Topeka, Kansas, argued for claimant-appellant.

Steven J. Abelson, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, argued for respondent-appellee. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Kirk T. Manhardt, Assistant Director. Of counsel on the brief were Donald E. Zeglin, Deputy Assistant General Counsel, and Nicole Sideris, Department of Veterans Affairs, Washington, DC.

Before MAYER, Chief Judge, MICHEL, and RADER, Circuit Judges.

MICHEL, Circuit Judge.

In this appeal, we are asked to examine the legal test adopted from social security benefits case law and applied by the United States Court of Veterans Appeals in reviewing determinations as to whether proffered evidence is sufficiently "new and material" such that a veteran's claim for service-connected disability benefits must be reopened. We must ascertain whether that legal test is consistent with the controlling statutory and regulatory schemes set in place by Congress and the Secretary of Veterans Affairs (the "Secretary"), respectively, and particularly the express definition of "new and material evidence" set forth in the regulations. *See* 38 C.F.R. § 3.156(a) (1994). Because we conclude that the Court of Veterans Appeals failed to defer, as required, to a reasonable regulation promulgated by the Secretary, and because we discern that the Court of Veterans Appeals's legal analysis may impose a higher burden on the veteran before a disallowed claim is reopened, we vacate the court's decision and remand for further proceedings consistent with the statute, the regulation, and this opinion, including a determination under the Secretary's regulatory definition rather than the social security case law definition as to whether the admittedly new evidence submitted by Hodge is "material."

## BACKGROUND

Lewis Hodge appeals from a decision of the Court of Veterans Appeals, *Hodge v. Gober*, No. 96–330 (Memorandum Decision Aug. 21, 1997) (hereinafter *"Hodge* Court Decision"), which became final when the court denied a motion for reconsideration, *see Hodge v. Gober*, No. 96–330 (Judgment Oct. 14, 1997). The court affirmed a decision by the Board of Veterans' Appeals (the "Board") declining to reopen Hodge's claim for service connection for arthritis of the left knee and hip. *See In re Hodge*, No. 94–01866 (Jan. 19, 1996) (hereinafter *"Hodge* Board Decision"). Both the Board and the Court of Veterans Appeals held that the "new" evidence Hodge submitted in support of his request to reopen his claim for service connection was not "material."

The facts as set forth by the Court of Veterans Appeals are, briefly, as follows. Hodge was in active military service from February 1941 to October 1943. During his medical examination prior to entry on duty, Hodge admitted that he had rheumatism in his left knee and hip when he was nine years old; his entrance examination, however, noted no musculo-skeletal defects. On October 24, 1942, he was admitted to a veterans hospital in Arizona and diagnosed with chronic, moderately severe arthritis of the left knee joint, cause undetermined. Hodge also complained at that time of pain in his left hip, but the examination revealed no injury or pathology. Hodge's September 19, 1943, service medical record includes a diagnosis of "traumatic chronic" arthritis of the left hip as well as knee radiation pain.

Hodge filed a claim for service connection in January 1962. At that time, a medical evaluation of his hip and knee was negative. The regional office in Waco, Texas, therefore denied service connection on April 2, 1962, and Hodge did not appeal from that decision. He filed a new claim for service connection in February 1973, and that claim was also denied because his medical evaluation was again negative.

In May 1975, a private physician diagnosed Hodge with arthritis of the left knee and hip, but noted that the diagnosis was made without x-rays or other laboratory tests. Hodge submitted this report to the regional office, which issued a confirmed rating decision denying service connection. In September 1976, Hodge was hospitalized after complaining of shortness of breath and pain in his knees. X-rays at that time revealed soft tissue swelling about each knee, and Hodge was diagnosed with chronic synovitis, or inflammation of the membrane contained in the knee joint cavities. A second private physician, Dr. H.W. Thomas, issued a private medical report diagnosing Hodge with "pain in joints[,] particularly knee joint," but noting that "no definite diagnosis had been made" regarding the etiology of that pain.

In September 1992, Hodge filed to reopen his claim for service connection for arthritis of the left knee and hip. In support of this filing, Hodge provided his sworn testimony at a hearing in January 1993, a letter from Dr. Thomas stating that Hodge was "disabled due to Arthritis Disease" of his knees, dated January 13, 1993, and various medical records developed since 1973. The hearing officer concluded that the evidence submitted was not "new and material" and therefore refused to reopen the claim. Hodge appealed to the Board, which considered all evidence submitted since its decision in 1973, including Hodge's testimony, the letter from Dr. Thomas, and the May 1975 diagnosis. The Board made the following conclusions with respect to Hodge's claim for service connection for his left hip:

> Having reviewed the evidence in its entirety, it is concluded that while the evidence is new, in the sense that it has not been previously considered; and is not cumulative of other evidence of record, the evidence is not material, as it is not relevant to and probative of the issue at hand. It does not tend to show that a left hip disorder began in service, or that arthritis of the hip developed within a year following discharge from service. Consequently, the evidence received since 1973, while not cumulative or duplicative of other evidence in the file, *does not create a reasonable*

*possibility,* when viewed in the context of all the evidence in the claims file, *that the outcome of the case would be changed.* Therefore, the claim cannot be reopened.

*Hodge* Board Decision, slip op. at 5 (emphasis added). The Board similarly concluded that the testimony and letter, with respect to Hodge's claim for a knee injury, did "not create a reasonable possibility, when viewed in the context of all the evidence in the claims file, that the outcome of the case would be changed." *Id.* at 6. The Board therefore denied Hodge's request to reopen his claim.

Hodge appealed the Board's decision to the Court of Veterans Appeals, which affirmed the decision of the Board. The court first explained:

> When a claimant seeks to reopen a previously and finally denied claim, the Board is required to conduct a two-step analysis to determine whether new and material evidence has been presented. First, it must be determined if the evidence presented since the last final disallowance of the claim is "new and material." ... Evidence is "new and material" if: (i) it was not of record at the time of the last final disallowance of the claim and is not merely cumulative of evidence of record; (ii) it is probative of the issue at hand; and, if it is "new" and "probative," (iii) *it is reasonably likely to change the outcome when viewed in light of all the evidence of record.*

*Hodge* Court Decision, slip op. at 5 (emphasis added) (citations omitted). The court then held that the Board's conclusion, that Hodge's "new" evidence was not sufficiently "material" in light of this test, was well supported by the evidence. *See id.* at 6.

Hodge filed a timely appeal with this court, in accordance with 38 U.S.C. § 7292. We accepted the case for submission after oral argument on July 2, 1998. Because this appeal presents, not a factual dispute, but a purely legal question—the proper interpretation of a regulation in light of its underlying statute—we have jurisdiction to consider it. *See* 38 U.S.C. § 7292(d) (1994) (Federal Circuit may review questions of law, but not challenges to factual determinations or to laws or regulations as applied to particular facts); *cf. Jones v. West,* 136 F.3d 1296, 1298–99 (Fed.Cir.1998) (Federal Circuit has jurisdiction over questions of statutory interpretation).

## ANALYSIS

### I.

■  Section 5108 of title 38 of the United States Code provides that, "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim." The same term, "new and material evidence," also appears throughout the Department of Veterans Affairs's (the "DVA's") regulations. In 1990, recognizing that the term "new and material evidence" had been used for years without a formal definition, the DVA proposed amending the regulations to incorporate a specific definition. *See* Adjudication; Pensions, Compensation, Dependency: New and Material Evidence; Standard Definition, 55 Fed.Reg. 19088 (1990) (to be codified at 38 C.F.R. § 3.156) (proposed May 8, 1990) (hereinafter "Proposed Definition"). The amendment was adopted after a notice and comment period, and became effective on January 22, 1991. *See* New and Material Evidence, 55 Fed.Reg. 52274 (1990) (hereinafter "Final Definition"). Thus, the regulation now provides the following:

> *New and material evidence* means evidence not previously submitted to agency decisionmakers which bears directly and substantially upon the specific matter under consideration, which is neither cumulative nor redundant, and which by itself or in connection with evidence previously assembled *is so significant that it must be considered in order to fairly decide the merits of the claim.*

38 C.F.R. § 3.156(a) (1994) (final emphasis added).

Several months after the new regulation was adopted, the Court of Veterans Appeals

on March 8, 1991, decided *Colvin v. Derwinski,* 1 Vet.App. 171 (1991). In *Colvin,* the court reviewed a decision by the Board declining to reopen a Vietnam veteran's claim for service connection for multiple sclerosis, based on the Board's determination that a doctor's letter and additional medical records were not sufficiently "material" to justify a reopening. *See id.* at 173. The Court of Veterans Appeals thus extensively discussed the concept of "materiality":

> Material evidence is relevant and probative of the issue at hand. However, not every piece of new evidence, even if relevant and probative, will justify a reopening because some evidence is of limited weight and thus is insufficient to justify a new hearing. The "bright line" rule in other federal courts is that to justify a reopening on the basis of new and material evidence, *there must be a reasonable possibility that the new evidence,* when viewed in the context of all the evidence, both new and old, *would change the outcome.*

Id. at 174 (emphasis added) (citations omitted). Citing the new regulatory definition adopted by the DVA, the court concluded that the regulation and the test it paraphrased from a district court decision in *Chisholm v. Secretary of Health & Human Services,* 717 F.Supp. 366, 367 (W.D.Pa.1989), were not inconsistent, and that the test from *Chisholm,* which it explicitly adopted, was "clearer and more easily applied." *Id.*

Since this decision, the Court of Veterans Appeals has consistently applied this test—the *Colvin* test—in reviewing decisions by the Board involving evaluations of new evidence to determine materiality. *See, e.g., Sutton v. Brown,* 9 Vet.App. 553, 562 (1996); *Evans v. Brown,* 9 Vet.App. 273, 283 (1996); *Blanchard v. Derwinski,* 3 Vet.App. 300, 302–03 (1992). It is this test that the court quoted, *see Hodge* Court Decision at 5, and the Board applied, *see Hodge* Board Decision at 5–6, in evaluating Hodge's claim. The issue we must resolve, therefore, is whether the *Colvin* test is a fair rendition of the definition of "material evidence" set forth in the regulation. We conclude that the Court

of Veterans Appeals erred in adopting the *Colvin* test in that it failed to defer to the reasonable definition of a statutory term adopted by a regulation promulgated by the Secretary. We further conclude that the test set forth by the court may be inconsistent with the underlying purposes and procedures of the veterans' benefits award scheme. We therefore disapprove of the *Colvin* test as applied to veterans' claims, vacate the court's decision upholding the Board's refusal to re-open Hodge's claim, and remand the case for reconsideration by the court in light of the proper regulatory definition of "material evidence."

## II.

In *Chevron v. Natural Resources Defense Council,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), the United States Supreme Court recognized that Congress frequently leaves certain details unspecified in a statutory scheme, and delegates rulemaking authority to an agency to fill in the details necessary to administer the statute. *See id.* at 843, 104 S.Ct. 2778. Thus, where "Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation. Such *legislative regulations are given controlling weight* unless they are arbitrary, capricious, or manifestly contrary to the statute." *Id.* at 843–44, 104 S.Ct. 2778 (emphasis added). There can be no doubt that Congress left just such a "gap" in 38 U.S.C. § 5108, for in codifying the DVA's previous practices by requiring the submission of "new and material evidence" before a disallowed claim may be reopened, it made no attempt to refine or redefine the DVA's pre-existing, historical interpretation of that term under its own regulations which in turn are based on explicit, generic rule-making authority to implement the veterans statutes. Furthermore, the Secretary's promulgation of the regulation was simply an attempt to put the DVA's "historical concept of the term," into the regulations. Final Definition, 55 Fed.Reg. at 52275.

■ In general, the Court of Veterans Appeals defers to a regulatory construction of a statute that is adopted by the Secretary. *See, e.g., McGuire v. West,* 11 Vet.App. 274, 279 (1998) ("The Court [of Veterans Appeals] will sustain a regulation that is consistent with the language of the statute and is a plausible interpretation of that statute."); *Winn v. Brown,* 8 Vet.App. 510, 515 (1996) ("The Court will sustain a regulation that is consistent with the language of the statute and is a plausible or reasonable interpretation of the law." (citing *Chevron* )); *Brooks v. Brown,* 5 Vet.App. 484, 487 (1993).

In *Colvin,* the court concluded that the test of materiality set forth in the regulations was not "inconsistent with the standard set out in *Chisholm* " which it adopted. 1 Vet.App. at 174. There is no indication in the *Colvin* opinion, however, that the Court of Veterans Appeals afforded such deference to the definition provided in 38 C.F.R. § 3.156(a). In fact, it seems that the court altogether failed to examine the requirements set forth by the Secretary in the new regulation. The court inexplicably borrowed a definition of materiality from an entirely different benefits scheme—the administration of social security benefits, *see Colvin,* 1 Vet.App. at 174 (citing *Chisholm,* 717 F.Supp. at 367 (W.D.Pa.1989), and other cases involving social security benefits)—rather than relying on the character of and precedents from the veterans' benefits system it was charged by Congress to review. No justification is provided for the court's reliance on this alternative characterization of what constitutes "material evidence." More problematic, the Court of Veterans Appeals altogether failed to consider the newly adopted interpretation in the regulations; once it borrowed the test from *Chisholm,* the court simply quoted the regulation and determined, without any further consideration of the regulation, that the tests were not "inconsistent" and the *Chisholm* test would be "clearer and more easily applied." *Colvin,* 1 Vet.App. at 174. Yet there is no indication that the DVA's test for materiality was unworkable; indeed, the regulation had so recently been implemented there had been no opportunity to test its mettle.

The Court of Veterans Appeals's conclusion that the tests are not "inconsistent" is a far cry from a decision by that court to defer to the agency's interpretation of the statute as set forth in the regulations. Thus, the Court of Veterans Appeals in *Colvin* defied its own precedent by failing to afford *Chevron* deference to the regulatory definition of "new and material evidence" in section 3.156. Even more troublesome, it violated the Supreme Court's express prohibition that "a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." *Chevron,* 467 U.S. at 844, 104 S.Ct. 2778.[1]

■ Contrary to the government's assertions, decisions of the Court of Veterans Appeals on legal questions do not receive *Chevron* deference from the Federal Circuit, for we review its construction of statutes and regulations *de novo. See Smith v. Brown,* 35 F.3d 1516, 1517 (Fed.Cir.1994); *cf. Merck & Co. v. Kessler,* 80 F.3d 1543, 1549–50 (Fed. Cir.1996) (holding that the Patent and Trademark Office is not entitled to *Chevron* deference because the Commissioner does not have "authority to issue substantive rules"). Thus, the court's interpretation of what constitutes "new and material evidence," especially in light of a reasonable definition of that term provided by the Secretary, is entitled to no deference at all.

At oral argument, the government attorney suggested that the Secretary had endorsed the *Colvin* test as consistent with the regulatory definition of "new and material evidence." While an agency certainly may

---

1. Our holding today is further supported by *Brown v. Gardner,* 513 U.S. 115, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994), in which the Supreme Court restated the general rule that any interpretive doubt must be resolved in the veteran's favor. *See id.* at 117–18, 115 S.Ct. 552; *cf. Jones v. West,* 136 F.3d 1296, 1299 n. 2 (Fed.Cir.1998). Indeed, because the regulation imposes a lower burden to reopen than the *Colvin* test, the Secretary's construction is also the construction most favorable to the veteran.

subsequently adopt a re-articulation of its own regulations as more clear, more practical, more indicative of the intent behind the regulation and underlying statute, or for any other rational reason, we have not been directed toward anything in the public record to suggest this occurred here. This argument, therefore, carries no weight here.

We thus conclude that the Court of Veterans Appeals impermissibly ignored the definition of "material evidence" adopted by the DVA as a reasonable interpretation of an otherwise ambiguous statutory term and, without sufficient justification or explanation, rewrote the statute to incorporate the definition of materiality from an altogether different benefits scheme. For this reason, we hereby overrule the *Colvin* test for purposes of reopening claims for the award of veterans' benefits.

### III.

In implementing the *Colvin* test, not only has the Court of Veterans Appeals impermissibly replaced the agency's judgment with its own, but it has imposed on veterans a requirement inconsistent with the general character of the underlying statutory scheme for awarding veterans' benefits. This court and the Supreme Court both have long recognized that the character of the veterans' benefits statutes is strongly and uniquely proclaimant. *See, e.g., Coffy v. Republic Steel Corp.*, 447 U.S. 191, 196, 100 S.Ct. 2100, 65 L.Ed.2d 53 (1980) (veterans statutes must be liberally construed for the benefit of the returning veteran (citing *Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S. 275, 285, 66 S.Ct. 1105, 90 L.Ed. 1230 (1946))); *McKnight v. Gober*, 131 F.3d 1483, 1485 (Fed.Cir.1997) (noting that, where statute is ambiguous, "interpretive doubt is to be resolved in the veteran's favor" (citing *Brown v. Gardner*, 513 U.S. 115, 118, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994))); *Smith*, 35 F.3d at 1522 (noting the "uniquely pro-claimant principles underlying the veterans' benefits dispensation scheme" identified by *amicus* ). It is our understanding that the system through which social security benefits are awarded—and the scheme from which the Court of Veterans Appeals borrowed the test it adopted in *Colvin*—is not similarly designed. The underlying systems being inconsistent in purpose and procedure, it seems inappropriate to adopt wholesale the test for materiality from one benefits scheme for application in the other.

Congress itself has recognized and preserved the unique character and structure of the veterans' benefits system. For example, when it passed the Veterans' Judicial Review Act and Veterans' Benefits Improvement Act of 1988, and thus for the first time established judicial review for DVA disputes, Congress emphasized the historically non-adversarial system of awarding benefits to veterans and discussed its intent to maintain the system's unique character:

> Each year, the [DVA] processes approximately 5 million claims. In most cases, claimants submit their own applications without assistance. If a claimant desires advice or other help, [the DVA] provides specially-trained personnel to answer inquiries and assist in the submission of the claim. [The DVA's] medical facilities often serve as an important referral source, and the major veterans service organizations also furnish claims assistance by trained specialists at no charge.

> *Congress has designed and fully intends to maintain a beneficial non-adversarial system of veterans benefits.* This is particularly true of service-connected disability compensation where the element of cause and effect has been totally by-passed in favor of a simple temporal relationship between the incurrence of the disability and the period of active duty.

> *I[m]plicit in such a beneficial system has been an evolution of a completely ex-parte system of adjudication in which Congress expects [the DVA] to fully and sympathetically develop the veteran's claim to its optimum before deciding it on the merits. Even then, [the DVA] is expected to resolve all issues by giving the*

*claimant the benefit of any reasonable doubt.* In such a beneficial structure there is no room for such adversarial concepts as cross examination, best evidence rule, hearsay evidence exclusion, or strict adherence to burden of proof.

H.R.Rep. No. 100–963, at 13 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5782, 5794–95 (emphasis added). This passage demonstrates that, even in creating judicial review in the veterans context, Congress intended to preserve the historic, pro-claimant system.

The *Colvin* test, adopted by the Court of Veterans Appeals, specifically focuses on the likely impact the new evidence submitted will have on the outcome of the veteran's claim; it requires that "there must be a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome.". *Colvin,* 1 Vet.App. at 174. One judge on the Court of Veterans Appeals has suggested that this test "requires that the claimant prove that he or she will prevail with the new evidence before the claim can be reopened." *Blanchard v. Derwinski,* 3 Vet.App. 300, 304 (1992) (Farley, J., concurring). There is no indication that the test for materiality adopted by the Secretary was similarly intended to focus on whether the new evidence will affect the outcome of the ratings decision. Although the regulation does require that the new evidence be "so significant that it must be considered in order to fairly decide the merits of the claim," 38 C.F.R. § 3.156(a), it is not clear to what extent this addresses the final ratings decision rather than emphasizes the importance of ensuring that the evidentiary record is complete before a ratings decision is made. The proposed regulatory amendment was accompanied by the following explanation:

> In order to be considered "material" under the proposed definition, the additional information must also bear directly and substantially upon the specific matter under consideration....

A determination by [the DVA] that information constitutes "new and material evidence" means that the new information is significant enough, either by itself or in connection with evidence already of record, that it must be considered in order to fairly decide the merits of the claim. *It does not mean as a matter of course that the evidence warrants a revision of a prior determination.*

Proposed Definition, 55 Fed.Reg. at 19089 (emphasis added). This passage suggests that the purpose behind the definition was not to require the veteran to demonstrate that the new evidence would probably change the outcome of the claim; rather, it emphasizes the importance of a complete record for evaluation of a veteran's claim. This interpretation is further supported by the Secretary's response to comments filed about the Proposed Definition, explaining that "[i]t has always been VA's position that evidence may be new and material even though it does not warrant revision of a previous decision, and the standard adopted in this regulation reflects that position." Final Definition, 55 Fed.Reg. at 52274.

Furthermore, in the context of veterans' benefits where the system of awarding compensation is so uniquely pro-claimant, the importance of systemic fairness and the appearance of fairness carries great weight. To this extent, the ability of the Board to render a fair, or apparently fair, decision may depend on the veteran's ability to ensure the Board has all potentially relevant evidence before it. We certainly agree with the Court of Veterans Appeals that not every piece of new evidence is "material"; we are concerned, however, that some new evidence may well contribute to a more complete picture of the circumstances surrounding the origin of a veteran's injury or disability, even where it will not eventually convince the Board to alter its ratings decision. Where so much of the evidence regarding the veterans' claims for service connection and compensation is circumstantial at best, the need for a complete and accurate record takes on even greater importance. Thus, we are concerned that the use of the *Colvin* test to determine materiality will undermine public confidence,

particularly among veterans, that the system is fair and jeopardize veterans' ability to submit additional evidence for Board consideration in what may appear to be an arbitrary way.

Thus, not only did the court's adoption of the *Colvin* test improperly negate the regulation implemented by the agency, it may undermine the operation of the veterans' benefits system by altering its traditional character, making it more difficult for veteran claimants to submit additional evidence for Board consideration. On remand, the Court of Veterans Appeals must reconsider whether the evidence submitted by Hodge is "material," as defined in the regulation.[2]

### CONCLUSION

We conclude, based on the Supreme Court's holding in *Chevron*, that the Court of Veterans Appeals in adopting the *Colvin* test overstepped its judicial authority in failing to defer to a reasonable interpretation of an ambiguous statutory term established by the DVA's regulation. Consequently, we disapprove of the *Colvin* test as an incorrect test to evaluate whether new evidence is material, and return this appeal to the court for reconsideration under the proper, regulatory standard. Therefore, we

*VACATE AND REMAND.*

### COSTS

The costs of this appeal shall be borne by the Respondent–Appellee.

---

2. We, of course, may express no view here as to whether Hodge's new evidence would be sufficiently material under the definition in 38 C.F.R. § 3.156(a) to justify reopening his claim. Either the Court of Veterans Appeals or the Board must make this fact-specific determination in the first instance.