James C. PYLMAN, Appellant,

v.

Togo D. WEST, Jr., Secretary of
Veterans Affairs, Appellee.

No. 95–820.

United States Court of Veterans Appeals.

Nov. 24, 1998.

Before NEBEKER, Chief Judge, and
KRAMER and GREENE, Judges.

## ORDER

PER CURIAM:

In a single-judge memorandum decision dated August 6, 1998, the Court affirmed in part and vacated and remanded in part the June 15, 1995, decision of the Board of Veterans' Appeals (Board). The Court remanded the appellant's claims for an earlier effective date related to a left-eye disability, and for an increased rating for bilateral chorioretinitis. The Court affirmed the Board's decision that a valid clear and unmistakable error (CUE) claim had not been presented relating to a 1972 rating, because with respect to the issue in question, there was no final regional office rating to attack. The Court affirmed the Board's denial of the appellant's request to reopen a claim to establish service connection for a chronic stomach disability; the Board concluded, and the Court affirmed, that the newly submitted evidence did not present a reasonable possibility of changing the outcome. In so concluding, the Board and the Court relied upon this Court's interpretation of 38 C.F.R. § 3.156(a) (1997) concerning the criteria for determining whether a person has submitted new and material evidence to reopen a claim. On August 27, 1998, the appellant filed a timely motion for reconsideration or for panel decision, addressing the claims in which the appellant was not granted the relief he sought.

The appellant's arguments for reconsideration of the CUE claim are without merit, and the Court hereby denies his request to reconsider the CUE claim. The Court notes, however, that during the pendency of the appellant's motion for reconsideration before this Court, the United States Court of Appeals for the Federal Circuit decided *Hodge v. West,* 155 F.3d 1356 (Fed.Cir.1998). In relevant part, *Hodge* overruled this Court's interpretation of section 3.156(a), holding that this Court's criteria may be too restrictive. *Id.* at 1362–64. Since the law concerning new and material evidence has changed during the pendency of this appeal, the Court will remand the matter for application of section 3.156(a) as set forth in *Hodge.*

In his motion for panel review, the appellant reiterates his argument, which he previously raised to the Board and to the Court, that his 10% protected rating for right-eye chorioretinitis was improperly combined with his 20% rating for bilateral visual impairment into a single 20% rating. The Court remanded the rating increase claim on other grounds and did not address this argument. The Court notes, however, that the appellant is free to renew this argument upon remand.

Upon consideration of the foregoing, the parties' prior pleadings, and the record on appeal, it is by the single judge

ORDERED that the motion for reconsideration as to the CUE claim and the rating decisions is denied; and it is further

ORDERED that, as much of the Court's August 6, 1998, memorandum decision as addresses the appellant's attempt to reopen his stomach disability claim is hereby withdrawn, and this order substituted therefor; and it is further

ORDERED that the June 15, 1995, decision of the Board which declined to reopen the appellant's claim for service connection for chronic stomach disability is VACATED, and that matter is REMANDED for reconsideration of the reopening question. On remand, the appellant will be free to submit additional evidence and argument on the issues which are remanded. *Quarles v. Derwinski,* 3 Vet.App. 129, 141 (1992). It is by the panel

ORDERED that the appellant's motion for a panel decision is denied.