James C. PYLMAN, Appellant,

v.

Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.

No. 95–820.

United States Court of Veterans Appeals.

Jan. 12, 1999.

Before NEBEKER, Chief Judge, and KRAMER, FARLEY, HOLDAWAY, IVERS, STEINBERG, and GREENE, Judges.

## ORDER

PER CURIAM:

In a single-judge memorandum decision dated August 6, 1998, the Court affirmed in part and vacated in part the June 15, 1995, decision of the Board of Veterans' Appeals (Board), and remanded two matters to the Board. In addition, in an order dated November 24, 1998, a panel of the Court, in light of *Hodge v. West,* 155 F.3d 1356 (Fed. Cir.1998), vacated and remanded that part of the Board decision that declined to reopen a claim to establish service connection for a chronic stomach disability. The order, however, denied the appellant's motion for decision by a panel. On December 8, 1998, the appellant filed a motion for a decision by the full Court pursuant to Rule 35 of the Court's Rules of Practice and Procedure.

The appellant's motion asserts that the Court's failure to address an argument within the Court's jurisdiction, delineated in the record and presented in the briefs, represents a question of exceptional importance warranting a decision by the full Court. The

Court finds, however, that the appellant has not presented a question of exceptional importance warranting full Court review. *See* U.S. Vet.App. R. 35(c) (motions for full Court decision ordinarily not granted unless "necessary to secure or maintain uniformity of the Court's decisions or to resolve a question of exceptional importance"). As the claim in question has been remanded, an appropriate remedy is for the Board to address the appellant's arguments if raised upon remand. *See e.g. Buckley v. West,* 12 Vet.App. 76, 82–83 (1998).

Upon consideration of the foregoing and the record on appeal, it is

ORDERED that the appellant's motion for a decision by the full Court is DENIED.

KRAMER, Judge, concurring:

In voting to deny the appellant's motions for a decision by a panel and full Court review, it is my expectation that upon remand the Board will address the appellant's arguments as referenced in the third paragraph of the order denying a decision by a panel.

STEINBERG, Judge, concurring:

The appellant contends that he has a right to have this Court address a legal argument that he made in his brief and reply brief, that the Secretary ignores in his response, that is not frivolous, and that could be outcome determinative with respect to his claim for a rating higher than 20% for bilateral vision impairment. The appellant poses the issues presented in his motion for an en banc decision as follows:

First, are veterans entitled to obtain a decision of this Court on a point clearly within the Court's jurisdiction to decide, clearly delineated in the record, and squarely presented in the briefs before this Court, involving an illegal application of the Secretary of Veterans Affairs' (hereinafter "Secretary") disability rating regulations? Second, will this Court, by refusing to address appellant's legal arguments, permit the Secretary to violate with impunity his own duly promulgated rating regulations by deducting from a

service-connected disability rating a pre-service "disability" to which no rating at all can be assigned under those regulation?

Motion for Full Court Decision, at 1–2. As to the first issue, above, although I agree with the appellant here that this Court should address the potentially dispositive legal argument that he has presented here, I do not agree that he has a *right* to such a decision by the Court.

As to the second issue, above, although it might have been appropriate for the Court to remand for the Board of Veterans' Appeals to provide an adequate statement of reasons or bases to support its decision to deduct 10% (based on a preexisting vision disability) from the appellant's current 30% defective-vision rating, the Court did not do that. Instead, the Court tells the appellant (by way of throwaway sentences in the instant en banc order and in the panel order denying his motion for a panel decision) that if he is not satisfied with the outcome on remand when he presents this argument again to the BVA and probably a Department of Veterans Affairs regional office, he must appeal again to this Court. I cannot find justification for the Court's having ducked this issue repeatedly. It appears to me to be a question of law whether under 38 C.F.R. §§ 4.22, 4.83a, and 4.84a (1998) a deduction can be made for a preexisting vision defect if one eye was evaluated as 20/20 upon entry into service. However, despite his arguments, I do not believe there is any dispositive case-law clearly requiring a ruling in his favor on this point.

The pro bono attorney for this appellant has done everything he could, in representation of his client, to secure a decision from this Court on a potentially dispositive legal issue, and the appellant may be seriously prejudiced by the delay that will inevitably ensue until he secures a dispositive resolution of this question. Nonetheless, for the reasons' set forth above, I do not believe that this case meets the ordinary criteria for an en banc decision or is so extraordinary as to warrant one. *See* U.S. Vet.App. R. 35(c) ("Ordinarily[, a motion for full Court decision] ... will not be granted unless such

action is necessary to secure or maintain uniformity of the Court's decisions or to resolve a question of exceptional importance."); *see also* U.S. Vet.App. R. 35(e)(2).