Marion A. VALASCO, Appellant,

v.

Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.

No. 98–1100.

United States Court of Appeals for Veterans Claims.

April 28, 1999.

Before IVERS, STEINBERG, and GREENE, Judges.

### ORDER

PER CURIAM:

The May 21, 1998, decision of the Board of Veterans' Appeals (BVA or Board) on appeal

352

before the Court determined that new and material evidence had not been presented to reopen the pro se appellant's claim for service connection for the cause of the veteran's death. On February 4, 1999, the Court denied the Secretary's motion to dismiss the appeal for lack of jurisdiction. On February 26, 1999, the Secretary filed a motion to vacate the BVA decision and remand the matter on the basis that the U.S. Court of Appeals for the Federal Circuit had rejected the definition of material "evidence" relied upon by the Board to deny reopening, *Hodge v. West,* 155 F.3d 1356 (Fed.Cir.1998). The appellant has not filed a response to this motion, and presumably does not oppose it. On the basis of its own assessment of so much of the record as the Secretary attached as exhibits to his July 23, 1999, motion to dismiss, the Court will grant the Secretary's motion. *See Elkins v. West,* 12 Vet.App. 209, 218–19 (1999) (en banc). On consideration of the foregoing, it is

ORDERED that the May 21, 1998, BVA decision is VACATED and the matter is REMANDED for readjudication, on basis of all applicable law, regulation, and procedure, and for issuance of a readjudicated decision supported by an adequate statement of reasons or bases. *See* 38 U.S.C. §§ 7104(a), (d)(1). "On remand the appellant will be free to submit additional evidence and argument" on the remanded claim. *Quarles v. Derwinski,* 3 Vet.App. 129 (1992). A final decision by the Board following the remand herein ordered will constitute a new decision which, if adverse, may be appealed to this Court not later than 120 days after the date on which notice of the Board final decision is mailed to the appellant.