STEINBERG, Judge,
concurring:
Although I join in the Court’s opinion, I write separately to stress how far afield I find the Secretary’s position to be in this case. Instead of taking into account (1) the question of Mr. Svehla’s competency at the time of the initial decision on his claim, (2) that he had an attorney with whom VA did not maintain communication regarding the claim submitted by that attorney, and (3) that VA itself had a specific regulation, 38 C.F.R. § 3.851 (1967), establishing special procedures to govern payment of VA benefits to veteran inpatients at St. Eliza-beths Hospital, VA chose to exalt technicality over fundamental fairness. By denying the veteran’s claim for VA disability compensation, to which he was clearly entitled for some 26 years but for the lack of a simple written statement that he wished to waive receipt of his military retired pay after its apparent termination in 1969, the Secretary has adopted a position that is incompatible with both the nonadversarial nature of the VA adjudication system and VA’s mission to serve and care for our nation’s veterans. See Brown v. Gardner, 513 U.S. 115, 118, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994) (stating, in context of statutory interpretation, “interpretive doubt is to be resolved in the veteran’s favor”); Hodge v. West, 155 F.3d 1356, 1362 (Fed.Cir.1998) (stating that “[tjhis court and the Supreme Court both have long recognized that the character of the veterans’ benefits statutes is strongly and uniquely pro-claimant” and describing “the historically non-adversarial system of awarding benefits to veterans”); Trilles v. West, 13 Vet.App. 314, 326 (2000) (describing “the VA pro-claimant nonadversarial claims adjudication process”). What Circuit Judge Plager wrote recently in dissent applies equally to VA’s posture in this case: “What I find most troubling is the *167 insistence by the Government, represented before us by the Department of Justice, to define the Government’s justice as a ‘win’ on any basis possible.” Schism v. United States, 316 F.3d 1259, 1311 (Fed.Cir.2002) (Plager, J., dissenting), cert. denied, 539 U.S. 910, 123 S.Ct. 2246, 156 L.Ed.2d 125 (2003).