GAJARSA, Circuit Judge,
concurring-in-part and dissenting-in-part.
I respectfully dissent from Parts II.D and E, supra, of the Discussion section of the court’s opinion, because (1) 38 C.F.R. § 3.159(c)(4) is contrary to the plain meaning of 38 U.S.C. § 5103A(d) and (2) the VA has failed to state sufficient reasons to amend 38 C.F.R. § 3.156(a) that are reasonable and consistent with the Veterans Claims Assistance Act of 2000, Pub.L. No. 106^75, 114 Stat. 2096 (“VCAA”). I concur, however, with the remainder of the opinion.
I.
A. Providing Medical Examinations or Obtaining Medical Opinions Under 38 C.F.R. § S.159(c)(ti(i)
The disputed regulatory language is complex, but it is not ambiguous, and I do not think Chevron deference, Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), requires us to accept the strained and implausible construction advanced by the Department of Veterans Affairs (“VA”). The interpretive issue here is, in my judgment, much less difficult than the court suggests. Section 5103A(d) of title 38, United States Code, states:
MEDICAL EXAMINATIONS FOR COMPENSATION CLAIMS. — (1) in the case of a claim for disability compensation, the assistance provided by the Secretary under subsection (a) shall include providing a medical examination or obtaining a medical opinion when such an examination or opinion is necessary to make a decision on the claim.
(2) The Secretary shall treat an examination or opinion as being necessary to make a decision on a claim for purposes of paragraph (1) if the evidence of the record before the Secretary, taking into consideration all information and lay or medical evidence (including statements of the claimant)—
(A) contains competent evidence that the claimant has a current disability, or persistent or recurrent symptoms of disability; and
(B) indicates that the disability or symptoms may be associated with the claimant’s active military, naval, or air service; but
(C) does not contain sufficient medical evidence for the Secretary to make a decision on the claim.
38 U.S.C. § 5103A(d) (2000) (emphasis added).
The VA regulation implementing this statute is 38 C.F.R. § 3.159(c)(4)®, which provides:
In a claim for disability compensation, VA will provide a medical examination or obtain a medical opinion based upon a review of the evidence of record if VA determines it is necessary to decide the claim. A medical examination or medical opinion is necessary if the information and evidence of record does not contain sufficient competent medical evidence to decide the claim, but:
(A) Contains competent lay or medical evidence of a current diagnosed disability or persistent or recurrent symptoms of disability;
*1362 (B) Establishes that the veteran suffered an event, injury or disease in service, or has a disease or symptoms of a disease listed in § 3.S09, § 3.313, § 3.316, and § 3.317 manifesting during an applicable presumptive period provided the claimant has the required service or triggering event to qualify for that presumption; and
(C) Indicates that the claimed disability or symptoms may be associated with the established event, injury, or disease in service or with another service-connected disability.
38 C.F.R. § 3.159(e)(4)(i) (2003) (emphasis added).
The relationship between the authorizing statute and the regulation is apparent because they use a similar structure and, in large part, similar language. Both specify certain conditions precedent that must be fulfilled before claimants may obtain a medical examination or secure a medical opinion. However, the putative similarity in structure is illusory, and a careful comparison of the statute and regulation reveals an important substantive difference. Assuming the evidence does not contain sufficient medical evidence for the Secretary to make a decision on the claim, the statute specifies only two conditions: (1) competent evidence of a current disability or symptoms and (2) indications that the disability or symptoms may be associated with the claimant’s service. The VA regulations require these plus one more: establishing that the veteran suffered an event, injury or disease in service or has a disease listed in other parts of the VA regulations.
Obviously, if the VA regulations require an additional requirement before providing a medical examination or medical opinion necessary to make a decision on a claim, they are less favorable to claimants. A hypothetical is illustrative. John Smith, a veteran of the Vietnam War, seeks a medical opinion from the VA by submitting evidence that contains a current diagnosis of post-traumatic stress disorder (“PTSD”) pursuant to 38 U.S.C. § 5103A(d)(2)(A), but does not contain sufficient medical evidence for the Secretary to make a decision on the claim, id. § 5103A(d)(2)(C). Had the case proceeded under the statute, Smith would be entitled to a medical opinion by simply indicating that the symptoms for PTSD may be associated with some undocumented deaths of civilians he witnessed during his military service. However, things are different under the regulation, which expressly contemplates: (1) establishing that he suffered an event, injury or disease in addition to (2) indicating that the claimed symptoms may be associated with the established event, injury, or disease during service. It appears, therefore, that Smith, or veterans similarly situated, would not obtain a medical examination or opinion because he did not submit evidence that “establishes that the veteran suffered an event, injury or disease in service” as required by the regulation. Thus, the imposition of this higher eviden-tiary burden violates the plain language of the statute.
In my view this argument is self-evident, obscured only by the technical complexity of the regulatory provisions. But the statutory structure, as opposed to the actual language, is simple. In other words, under the statute, a claimant, assuming “x,” may obtain a medical examination or opinion by a showing of “a” and “b.” In contrast, the regulation requires a showing of “a,” “b,” and “c” before a claimant may obtain a medical examination or opinion. It defies common sense to argue that, given this structure, the statute and regulation are in fact identical, and that a claimant who is entitled to a medical examination by a showing of “a” and “b” under the statute, is no worse off under *1363 the latter regulatory regime. Yet that is precisely the argument the court accepts.
In the context of the uniquely pro-claimant and historically non-adversarial veterans’ benefits system, the absence of a statutory requirement to “[e]stablish[ ] that the veteran suffered an event, injury, or disease in service” makes perfect sense: If the claimants obtained specific medical examinations or opinions supporting their claim, that portion of the claim would be deemed established — thus assisting deserving claimants in obtaining evidence necessary to substantiate a claim, which, given the scientific technology and medical knowledge then available, was likely to be inconclusive in any event. Where so much of the evidence regarding the link between an in-service event, injury, or disease and the claimed disability or symptoms is circumstantial at best, the need for a complete and accurate record of evidence takes on even greater importance. The statute provides medical examinations and medical opinions to address these difficult questions in an area where modern medical and scientific knowledge is equal to the task and where the VA typically thinks itself able to make reasoned assessments. Accordingly, I think 38 C.F.R. § 3.159(c)(4)(i)(C) is invalid under Chevron step one, because the regulation is contrary to the plain meaning of 38 U.S.C. § 5103A(d).
B. New and Material Evidence Under 38 C.F.R. § 3.156(a)
Long before the Congress enacted the VCAA, it was well established that, “if new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim.” 38 U.S.C. § 5108. The same term, “new and material evidence,” also appeared throughout the VA’s regulations. In 1990, recognizing that the term “new and material evidence” had been used for years without a formal definition, the VA proposed amending the regulations to incorporate a specific definition for “new and material evidence.” See Adjudication; Pensions, Compensation, Dependency: New and Material Evidence; Standard Definition, 55 Fed.Reg. 19,088 (May 8, 1990). The amendment was adopted after a deliberative notice and comment period, and became effective on January 22, 1991. See New and Material Evidence, 55 Fed.Reg. 52,274 (Dec. 1, 1990) (codified at 38 C.F.R. § 3.156). That regulation provided the following:
New and material evidence means evidence not previously submitted to agency decisionmakers which bears directly and substantially upon the specific matter under consideration, which is neither cumulative nor redundant, and which by itself or in connection with evidence previously assembled is so significant that it must be considered in order to fairly decide the merits of the claim.
38 C.F.R. § 3.156(a) (2002). Since this definition was promulgated, this court and the Court of Appeals for Veterans Claims have consistently applied this regulatory definition when considering issues involving “new and material evidence.” See, e.g., Cook v. Principi, 318 F.3d 1334, 1337 (Fed.Cir.2002) (en banc); Hodge v. West, 155 F.3d 1356, 1360 (Fed.Cir.1998); Sutton v. Brown, 9 Vet.App. 553, 562 (1996); Evans v. Brown, 9 Vet.App. 273, 283 (1996).
Nevertheless, after Congress enacted the VCAA, the VA amended the regulation to read as follows:
New evidence means existing evidence not previously submitted to agency deci-sionmakers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be nei *1364 ther cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim.
38 C.F.R. § 3.156(a) (2003) (emphasis added). The VA explained that “[b]y ‘existing evidence’ we mean evidence that is not newly generated by or with the help of VA....” Duty to Assist, 66 Fed.Reg. 17,-834, 17,838 (Apr. 4, 2001). The practical effect of this amended regulation on claimants is that the “VA will not ... provide a medical examination or obtain a medical opinion in an attempt to reopen a previously disallowed claim.” Id.
Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it reenacts a statute without change. Young v. Cmty. Nutrition Inst., 476 U.S. 974, 983, 106 S.Ct. 2360, 90 L.Ed.2d 959 (1986); Lorillard v. Pons, 434 U.S. 575, 580-81, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978); Albemarle Paper Co. v. Moody, 422 U.S. 405, 414 n. 8, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975); NLRB v. Bell Aerospace Co., 416 U.S. 267, 274-75, 94 S.Ct. 1757, 40 L.Ed.2d 134 (1974); NLRB v. Gullett Gin Co., 340 U.S. 361, 366, 71 S.Ct. 337, 95 L.Ed. 337 (1951); Nat’l Lead Co. v. United States, 252 U.S. 140, 147, 40 S.Ct. 237, 64 L.Ed. 496 (1920). So too, where, as here, Congress adopts a new law, 38 U.S.C. § 5103A(f), expressly incorporating the term “new and material evidence” defined in an existing regulation, Congress normally can be presumed to have had knowledge of the interpretation given to the expressly incorporated regulation, at least insofar as it affects the new statute.
That presumption is particularly appropriate here because, in enacting the VCAA, Congress exhibited both a detailed knowledge of technical or specialized terms, which had meaning in prior VA regulations and practice, and their judicial interpretation as well as a willingness to depart from those provisions regarded as undesirable or inappropriate for incorporation. See McDermott Int’l, Inc. v. Wilander, 498 U.S. 337, 342, 111 S.Ct. 807, 112 L.Ed.2d 866 (1991); Cannon v. Univ. of Chicago, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979) (stating that Congress, in enacting legislation is presumed to know the existing law and administrative interpretation of law). For example, in construing former 38 U.S.C. § 5107(a), setting out the responsibilities of the VA to provide certain types of assistance to claimants, the courts had consistently declared that the obligation rests with the claimant to submit a “well grounded” claim before the VA becomes obligated to assist the claimant. Morton v. West, 12 Vet.App. 477 (1999); Caluza v. Brown, 7 Vet.App. 498 (1995); Grivois v. Brown, 6 Vet.App. 136 (1994); Murphy v. Derwinski, 1 Vet.App. 78 (1990); Gilbert v. Derwinski, 1 Vet.App. 49 (1990). Congress made plain its decision to follow a different course in the VCAA by expressly eliminating the term “well grounded” from all the pertinent statutes. Compare 38 U.S.C. § 5107(a) (1994) (“[A] person who submits a claim for benefits under a law administered by the Secretary shall have the burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded.” (emphasis added)), with 38 U.S.C. § 5103A(a) (eliminating the term “well grounded”).
In contrast, while incorporating into the VCAA the existing regulations defining “new and material evidence,” Congress did not alter the circumstances under which previously disallowed claims shall be reopened. The selectivity that Congress displayed in expressly incorporating terms and in modifying certain VCAA practices strongly suggests that but for those *1365 changes Congress expressly made, it intended to incorporate fully the existing regulations defining “new and material evidence.” See Curtis v. Loether, 415 U.S. 189, 195-96, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974) (“[W]here words are employed in a statute which had at the time a well-known meaning at common law or in the law of this country they are presumed to have been used in that sense unless the context compels the contrary.”); Gilbert v. United States, 370 U.S. 650, 655, 82 S.Ct. 1399, 8 L.Ed.2d 750 (1962); Standard Oil v. United States, 221 U.S. 1, 59, 31 S.Ct. 502, 55 L.Ed. 619 (1911); Montclair v. Ramsdell, 107 U.S. 147, 152, 2 S.Ct. 391, 27 L.Ed. 431 (1883).
I am mindful of the difficulty of discerning congressional intent where the statute provides no express answer. However, we cannot assume, in the face of Congress’s extensive knowledge of the operation of the veterans’ benefits system, illustrated by its selective incorporation and amendment of the VCAA provisions, that Congress was unaware that courts had uniformly applied the former regulatory definition of “new and material evidence.” Nor can I believe that in using the words “new and material evidence,” Congress was oblivious to its long-established meaning or its significance.
In light of this presumption, I find that the VA failed to articulate a sufficient basis for amending the definition of “new and material evidence.” The primary reason for the amendment was that providing medical examinations and opinions in an attempt to reopen a previously disallowed claim
would require substantial effort and expense without any assurance that the created evidence would in fact be new and material. Although VA is willing to help a claimant to obtain existing records based on a claimant’s allegation that such records are new and material evidence, we do not want to expend our limited resources on “fishing expeditions” to create evidence based on a claimant’s hopes that such evidence would prove to be new and material.
66 Fed.Reg. at 17,837-38. Thus, in the VA’s view, substantial expense and uncertainty that a regulation will accomplish its intended purpose are sufficient reasons without more, to amend the long-standing definition of “new and material evidence.”
I agree with the VA that just as an agency reasonably may decline to issue a new regulation if it is uncertain about its efficacy, an agency may also amend a standard on the basis of serious uncertainties if supported by the record and reasonably explained. Amendment of the definition of “new and material evidence” would not be invalid simply because there was no evidence in direct support of the agency’s conclusion. It is not infrequent that the available statistics do not settle a regulatory issue, and the agency must then exercise its judgment in moving from the facts and probabilities on the record to a policy conclusion. Recognizing that policymak-ing in a complex society must account for substantial expense and uncertainty, however, does not relieve an agency from “cogently explaining] why it has exercised its discretion in a given manner.” Atchison, T. & S. F. Ry. Co. v. Wichita Bd. of Trade, 412 U.S. 800, 806, 93 S.Ct. 2367, 37 L.Ed.2d 350 (1973); see also FTC v. Sperry & Hutchinson Co., 405 U.S. 233, 249, 92 S.Ct. 898, 31 L.Ed.2d 170 (1972); NLRB v. Metro. Life Ins. Co., 380 U.S. 438, 443, 85 S.Ct. 1061, 13 L.Ed.2d 951 (1965). The agency must explain the evidence that is available, and must offer a “rational connection between the facts found and the choice made.” Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 167, 83 S.Ct. 239, 9 L.Ed.2d 207 (1962).
*1366 Here, the VA s proffered justifications of substantial expense and uncertainty are so speculative and fungible that they could support the amendment of virtually any regulation. The VA’s justification that the incremental costs of the existing standard for “new and material evidence” were no longer reasonable was not predicated on any empirical evidence on the record. Instead, the VA’s statements regarding substantial expense and uncertainty are dependent on the assumption that the public may resent paying for an obligation to “reassure[ ] veterans and their families that the country they served in uniform is on their side when it comes to getting assistance that they have more than earned.” 146 Cong. Rec. H6786, H6789 (daily ed. July 25, 2000) (statement of Rep. Smith). When the VA brings its expertise to bear on such a question, it must consider the reasonableness of the monetary and other costs associated with the VCAA in view of the primary purpose served by the VCAA. That the VCAA was enacted to reaffirm and clarify the Secretary’s duty to assist veterans is not in doubt. In reaching its judgment, the VA should have borne in mind that Congress’s intent “to reaffirm and clarify the duty of the Secretary of Veterans Affairs to assist claimants for benefits under laws administered by the Secretary,” VCAA, Pub.L. No. 106-475,114 Stat.2096, 2096, was to be the pre-eminent goal of the VCAA. In short, I am persuaded that 38 C.F.R. § 3.156(a) is invalid under Chevron step two, because the VA has failed to state sufficient reasons that are reasonable and consistent with the VCAA and congressional intent.
II.
In sum, the VA regulations are imper-missibly inconsistent with the VCAA and undermine — rather than reaffirm — the duty to assist: (1) The regulations add a burdensome evidentiary requirement, making it more difficult for claimants to obtain a medical examination or medical opinion necessary to substantiate a claim for VA benefits; and (2) the regulations amend the long-standing definition of “new and material evidence,” making it more difficult for claimants to obtain a medical examination or medical opinion necessary to reopen a previously disallowed claim for VA benefits. Accordingly, I would also grant the petition with respect to 38 C.F.R. §§ 8.169(c)(4)© and 3.156(a).