NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RONALD LOUIS CHAPMAN, SR.,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2016-1231

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-2045, Judge Alan G. Lance Sr.

---

Decided: October 13, 2016

---

RONALD LOUIS CHAPMAN, SR., Zachary, LA, pro se.

MOLLIE LENORE FINNAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CLAUDIA BURKE, ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER; BRIAN D. GRIFFIN, JONATHAN KRISCH, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, LOURIE, and DYK, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Ronald Louis Chapman, Sr., *pro se*, appeals a judgment of the Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans Appeals ("Board") denying Mr. Chapman a retroactive disability rating in excess of 50% for his service-connected psychiatric disorder for the record between June 18, 2005 and April 23, 2012.[1]  On review of the premises and the record, we conclude that the decision must be affirmed.

## BACKGROUND

Mr. Chapman served on active duty in the United States Army from June 1980 until February 1981.  On June 18, 2005, Mr. Chapman filed a claim for service-connected disability benefits with the Department of Veterans Affairs ("VA") for major depression and anxiety disorder, stemming from an in-service musculoskeletal injury.  In February 2008, the VA granted service connection for this disorder and assigned a 30% disability rating effective June 18, 2005.  Subsequent decisions increased his disability rating to 50%, effective June 18, 2005.  The rating was increased to 100%, effective April 23, 2012.

A 50% rating for psychiatric disorders is assigned to veterans who demonstrate the following symptoms:

Occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short- and long-term

---

[1]    *Chapman v. McDonald*, No. 2014-2045 (Vet. App. July 15, 2015).

memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships.

38 C.F.R. § 4.130.

Mr. Chapman, then represented by counsel, appealed the RO's rating decision to the Board, seeking a disability rating of 70% for the period from June 18, 2005 to April 23, 2012. A 70% rating is assigned to veterans who exhibit the following symptoms:

Occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); inability to establish and maintain effective relationships.

38 C.F.R. § 4.130. Although the Board acknowledged that some of Mr. Chapman's symptoms were included in the 70% rating criteria, the Board found that the "frequency, severity, and duration" of Mr. Chapman's symptoms most closely aligned with the 50% rating criteria.

Mr. Chapman appealed to the Veterans Court, arguing that the Board misapplied the rating regulation by failing (1) to render specific findings as to the frequency,

severity, or duration of his symptoms; (2) to consider the evidence of social and occupational impairment; and (3) to weigh the symptoms consistent with the 70% rating criteria. The Veterans Court held that the Board had not misapplied § 4.130, and that the Board had adequately explained its conclusion that Mr. Chapman's symptoms and overall social and occupational impairment between June 18, 2005 and April 23, 2012 were most consistent with a 50% disability rating.

Mr. Chapman appeals.

## DISCUSSION

On appeal from the Veterans Court, this court has "jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent necessary to a decision." 38 U.S.C. § 7292(c). Except to the extent that an appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Mr. Chapman states that the Veterans Court and the Board committed error in interpretation of 38 C.F.R. § 4.130. He argues that under *Vazquez-Claudio v. Shinseki*, 713 F.3d 112, 118 (Fed. Cir. 2013), the Board and the Veterans Court are required to make specific findings as to the frequency, severity, or duration of his symptoms, and specific findings on his social and occupational impairment.

We conclude that the Board and the Veterans Court applied 38 C.F.R. § 4.130 in accordance with law. Both the Board and the Veterans Court made findings and conclusions as to both the symptomatology and the level of social and occupational impairment. To the extent that Mr. Chapman challenges the Board's and the Veterans

Court's findings of fact and application of law to fact, we do not have authority to review such determinations unless a constitutional issue is present. 38 U.S.C. § 7292 (d)(2). We discern no constitutional violation, and no absence of due process.

Mr. Chapman also asks the court to add his in-service dental treatment as a cause of his secondary psychiatric disorder and to extend to June 18, 2005 the diagnosis of obsessive compulsive disorder. This issue requires findings of medical fact, and is beyond our authority. Mr. Chapman also states that the Board improperly substituted its own opinion by interpreting the meaning of "severe" and "significant" in medical reports, relying on *Colvin v. Derwinski*, 1 Vet. App. 171, 175 (1991) *overruled on other grounds by Hodge v. West*, 155 F.3d 1356 (Fed. Cir. 1998). The Board accorded greater weight to the "objectively confirmed adverse symptomatology seen at these examinations," which is a reasonable exercise of the Board's obligation.

No reversible error has been shown in the decision of the Veterans Court. The decision is

**AFFIRMED.**

No costs.