NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KENNETH B. SYLVAIN,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-1164

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-5339, Judge Grant Jaquith.

---

Decided: April 28, 2026

---

J. BRYAN JONES, III, J B Jones III LLC, Lafayette, LA, argued for claimant-appellant.

JOSHUA DAVID TULLY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, BRETT SHUMATE; CHRISTOPHER O. ADELOYE, BRIAN D. GRIFFIN, DEREK SCADDEN, Office of General Counsel,

United States Department of Veterans Affairs, Washington, DC.

———————————

Before MOORE, *Chief Judge*, LOURIE and CUNNINGHAM, *Circuit Judges.*

CUNNINGHAM, *Circuit Judge.*

Kenneth Sylvain appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), affirming a 2023 Board of Veterans' Appeals ("Board") decision. *Sylvain v. McDonough*, No. 23-5339, 2024 WL 4343483, at *1 (Vet. App. Sept. 30, 2024) ("*Decision*"). In its 2023 decision, the Board declined to revise or reverse a 2002 Board decision denying service connection for a lower back condition. J.A. 15. We *dismiss*.

## I. BACKGROUND

Mr. Sylvain is a veteran who served on active duty in the Air Force from March 1969 to March 1973, as well as the Navy from January 1976 to January 1978. *Decision* at *1. The Board denied service connection for a back condition in July 2002, and that denial was not appealed by Mr. Sylvain. *Id.* at *3. In 2017, Mr. Sylvain requested to reopen his claim, and the Department of Veterans Affairs ("VA") regional office granted service connection from August 16, 2017. *Id.* In May 2022, Mr. Sylvain moved that the 2002 Board decision contained clear and unmistakable error ("CUE"). *Id.* In May 2023, the Board found that the CUE motion was "essentially a disagreement as to how the facts were weighed or evaluated," which did not support a finding of CUE. *Id.*; J.A. 14. Mr. Sylvain appealed to the Veterans Court, which affirmed the 2023 Board decision. *Decision* at *6.

## II. DISCUSSION

"This court's jurisdiction to review decisions by the Veterans Court is limited." *Wanless v. Shinseki*, 618 F.3d

1333, 1336 (Fed. Cir. 2010). We have authority to review a Veterans Court decision "with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a); *Smith v. Collins*, 130 F.4th 1337, 1342 (Fed. Cir. 2025). However, except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Mr. Sylvain does not raise any challenge over which we can exercise jurisdiction, as he does not allege any legal error by the Veterans Court. For our court to address a legal question on appeal, "[t]he Veterans Court must have made a determination on the legal issue presented to us by the appellant, either making a 'decision' on a 'rule of law' or 'relying on' a challenged statute or regulation or its interpretation." *Smith*, 130 F.4th at 1343 (cleaned up). This determination may be "express" or "implicit in the sense that the Veterans Court's result might be altered by adopting the legal position pressed by appellant to this court." *Id.*

First, Mr. Sylvain contends that "the Board, in July 2002, improperly imposed a 'trauma' requirement in order for the veteran to demonstrate that he had an injury in service under 38 C.F.R. [§] 3.303." Appellant's Br. 9; *id.* at 9–11. The Veterans Court rejected this argument, noting that it could not "conduct a plenary review of the merits" of the 2002 Board decision, and that Mr. Sylvain "fail[ed] to point to any specific defect" in the 2023 Board decision on appeal. *Decision* at *4 (internal citation omitted). The Veterans Court also did not interpret 38 C.F.R. § 3.303 to impose a "trauma requirement," but rather characterized the 2023 Board decision as explaining that "the July 2002 Board decision weighed the evidence and provided reasons consistent with the law at the

time to support a finding that [Mr. Sylvain's] lay statements were not credible." *Decision* at \*5; *see* J.A. 13–14 (2023 Board decision); J.A. 59–62 (2002 Board decision). We agree with this characterization and lack jurisdiction to review either "factual determination[s]" or "challenge[s] to a law or regulation as applied to the facts" of this case. 38 U.S.C. § 7292(d)(2).

Second, Mr. Sylvain argues that the Board erred in 2002 by failing to cite independent medical evidence when it "rejected" three nexus opinions connecting Mr. Sylvain's back condition to injuries sustained in service. Appellant's Br. 13; *id.* at 11–15. Mr. Sylvain cites two Veterans Court cases, *Murphy v. Derwinski*, 1 Vet. App. 78 (1990), and *Colvin v. Derwinski*, 1 Vet. App. 171 (1991), *overruled by Hodge v. West*, 155 F.3d 1356 (Fed. Cir. 1998), for the proposition that the Board "must rely on independent medical evidence" when "making medical conclusions." Appellant's Br. 12–13. The Veterans Court distinguished both cases and concluded that the 2002 Board decision "did not make a medical determination." *Decision* at \*5. Instead, the Veterans Court agreed with the 2023 Board that the 2002 Board properly applied "the law in effect at the time" that "the Board may reject a medical opinion based on other contradictory facts in the record." *Id.*; *see* J.A. 62–63. Mr. Sylvain fails to raise any objections to the Veterans Court's legal interpretations. Accordingly, we lack jurisdiction over Mr. Sylvain's appeal.

### III. CONCLUSION

We have considered Mr. Sylvain's remaining arguments and find that none of the arguments raises a non-frivolous issue over which we can assert jurisdiction. For the foregoing reasons, we *dismiss*.

### DISMISSED

### COSTS

No costs.