NEBEKER, Chief Judge,
dissenting:
I join Judge Farley’s well-tempered and clear dissent. The majority remands to “the Secretary and the Board” (but for our purposes they are, of course, one) “... to address in the first instance what evidence is required for Mrs. Trilles to reopen the VA-benefits-eligibility forfeiture.... ” Ante at 327. Obviously under the strained construct by the majority that ,evidence must be new and material. Indeed that is what “We [the majority] hold....” Ante at 324-25. I ask what else can it be but evidence tending to negate the established fraud. The sad aspect of the Court’s holding is that one who fraudulently got benefits is, like honest veterans, treated with the soft gloves of VA process. Now Mrs. Trilles does not have to present anything more than what the indulgent Hodge standard requires to get “review [of] the former disposition of the claims.” 38 U.S.C. § 5108; Hodge v. West, 155 F.3d 1356 (Fed.Cir.1998). Whether that is “readjudi-cation” as the majority mandates is left imprecisely to the Board.
I add the following in the hope that the majority’s holding can be ameliorated by considering what it has done to the VA process reserved for those presumed to be honest. As Judge Farley states, the majority relies on VA regulations and process to apply a reopening standard of new and material evidence to this case. However, the clarity of the law as stated in his dissent ought to persuade the Secretary to change that way of treating forfeiture revocation efforts. This can be done even under the majority opinion. In fairness to the many who have served and qualify for title 38 benefits, those who have cheated that system should remain outcasts until, and if, they show their forfeiture was in error through the usual adversarial process and not the indulgent VA process reserved for claimants untainted by fraud. Indeed, Judge Kramer’s separate opinion embraces the wisdom of a policy of non-indulgent process for those malefactors. One is left to wonder whether, under the majority holding, a person found to have committed treason (38 U.S.C. § 6104) or to have been indicted or convicted for certain crimes involving national security (38 U.S.C. § 6105) may likewise use the claimant-friendly VA process to attack the forfeiture resulting from such conduct.
APPENDIX
TITLE 38, CODE OF FEDERAL REGULATIONS
§ 3.900 General.
(a) Forfeiture of benefits based on one period of service does not affect entitlement to benefits based on a period of service beginning after the offense causing the prior forfeiture.
(b) (1) Except as provided in paragraph (b)(2) of this section, any offense committed prior to January 1, 1959, may cause a forfeiture and any forfeiture in effect prior to January 1, 1959, will continue to be a bar on and after January 1, 1959.
(2) Effective September 2, 1959, forfeiture of benefits may not be declared except under the circumstances set forth in § 3.901(d), § 3.902(d), or § 3.903. Forfeitures declared before September 2, 1959, will continue to be a bar on and after that date.
(c) Pension or compensation payments are not subject to forfeiture because of violation of hospital rules.
(d) When the person primarily entitled has forfeited his or her rights by reason of fraud or a treasonable act determination as to the rights of any dependents of record to benefits under *341 § 3.901(e) or § 3.902(e) may be made upon receipt of an application.
§ 3.901 Fraud.
(a) Definition. An act committed when a person knowingly makes or causes to be made or conspires, combines, aids, or assists in, agrees to, arranges for, or in any way procures the making or presentation of a false or fraudulent affidavit, declaration, certificate, statement, voucher, or paper, concerning any claim for benefits under any of the laws administered by the Department of Veterans Affairs (except laws relating to insurance benefits).
(b) Effect on claim. For the purposes of paragraph (d) of this section, any person who commits fraud forfeits all rights to benefits under all laws administered by the Department of Veterans Affairs other than laws relating to insurance benefits.
(c) Forfeiture before September 2, 1959. Where forfeiture for fraud was declared before September 2, 1959, in the case of a veteran entitled to disability compensation, the compensation payable except for the forfeiture may be paid to the veterans’ spouse, children and parents provided the decision to apportion was authorized prior to September 2, 1959. The total amount payable will be the lesser of these amounts:
(1) Service-connected death benefit payable.
(2) Amount of compensation payable but for the forfeiture.
No benefits are payable to any person who participated in the fraud causing the forfeiture.
(d) Forfeiture after September 1, 1959. After September 1, 1959, forfeiture by reason of fraud may be declared only
(1) Where the person was not residing or domiciled in a State as defined in § 3.1(i) at the time of commission of the fraudulent act; or
(2) Where the person ceased to be a resident of or domiciled in a State as defined in § 3.1® before expiration of the period during which criminal prosecution could be instituted; or
(3) The fraudulent act was committed in the Philippine Islands.
Where the veteran’s rights have been forfeited, no part of his or her benefit may be paid to his or her dependents.
(e)Remission of forfeitures imposed prior to September 2, 1959. Where it is determined that a forfeiture for fraud which was imposed prior to September 2, 1959, would not be imposed under the law and regulation in effect on and after September 2, 1959, the forfeiture shall be remitted effective June 30, 1972. Benefits to which a person becomes eligible by virtue of the remission, upon application therefor, shall be awarded effective as provided by § 3.114
§ 3.902 Treasonable acts.
§ 3.903 Subversive activities.
§ 3.904 Effect of forfeiture after veteran’s death.
(a) Fraud. Whenever a veteran has forfeited his or her right by reason of fraud, his or her surviving dependents upon proper application may be paid-pension, compensation, or dependency and indemnity compensation, if otherwise eligible. No benefits are payable to any person who participated in the fraud causing the forfeiture.
(b) Treasonable acts....
(c) Subversive activities. ...
§ 3.905 Declaration of forfeiture or remission of forfeiture.
(a) Jurisdiction. At the regional office level, except in VA Regional Office, Manila, Philippines, the Regional Counsel is authorized to determine whether the evidence warrants formal consideration as to forfeiture. In the Manila Regional Office the Adjudication Officer is authorized to make this determination. Sub *342 missions may also be made by the director of a service, the Chairman, Board of Veterans Appeals, and the General Counsel. Jurisdiction to determine whether the claimant or payee has forfeited the right to gratuitous benefits or to remit a prior forfeiture is vested in the Director, Compensation and Pension Service, and personnel to whom authority has been delegated under the provisions of § 3.100(c).
(b) Fraud or treasonable acts. Forfeiture of benefits under § 3.901 or § 3.902 will not be declared until the person has been notified by the Regional Counsel or, in VA Regional Office, Manila, Philippines, the Adjudication Officer, of the right to present a defense. Such notice shall consist of a written statement sent to the person’s latest address of record setting forth the following:
(1) The specific charges against the person;
(2) A detailed statement of the evidence supporting the charges, subject to regulatory limitations on disclosure of information;
(3) Citation and discussion of the applicable statute;
(4) The right to submit a statement or evidence within 60 days, either to rebut the charges or to explain the person’s position;
(5) The right to a hearing within 60 days, with representation by counsel of the person’s own choosing, that fees for the representation are limited in accordance with 38 U.S.C. § 5904(c) and that no expenses incurred by a claimant, counsel or witness will be paid by VA.
(c) Subversive activities. Automatic forfeiture of benefits under § 3.903 will be effectuated by an official authorized to declare a forfeiture as provided in paragraph (a) of this section.
(d) Finality of decisions. A decision of forfeiture is subject to the provisions of § 3.104(a) and § 20.1103 and § 20.1104 of this chapter. The officials authorized to file administrative appeals and the time limit for filing such appeals are set forth in § 19.51 of this chapter.
(e)Remission of forfeiture. In event of remission of forfeiture under § 3.901(e), any amounts paid as an ap-portionments) during periods of the previously forfeited beneficiary’s reenti-tlement will be offset.
38 C.F.R. §§ 3.900 through 3.905 (1998). See 27 Fed.Reg. 8590-91 (1962); 28 Fed. Reg. 2234 (1963).