Citation Nr: 1725264 
Decision Date: 06/21/17 Archive Date: 07/17/17

DOCKET NO. 13-15 555 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for posttraumatic stress disorder (PTSD). 

2. Entitlement to service connection for an acquired psychiatric disorder.


REPRESENTATION

Appellant represented by: California Department of Veterans Affairs


WITNESSES AT HEARING ON APPEAL

The Veteran and his spouse




ATTORNEY FOR THE BOARD

S. Anwar, Associate Counsel


INTRODUCTION

The Veteran had active service from June 1976 to August 1982.

This matter comes before the Board of Veterans' Appeals (Board) from August 2012 and March 2013 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Oakland, California.

In April 2017, the Veteran and his spouse testified at a Videoconference hearing before the undersigned Veterans Law Judge. The undersigned noted the issues on appeal and engaged in a colloquy with the Veteran toward substantiation of the claims. See Bryant v. Shinseki, 23 Vet. App. 488, 496-97 (2010). A copy of the hearing transcript is associated with the claims file.

The Board has re-characterized the issue of entitlement to service connection for posttraumatic stress disorder to more broadly encompass entitlement to service connection for an acquired psychiatric disorder, pursuant to Clemons v. Shinseki, 23 Vet. App. 1 (2009) (holding that when a claimant makes a claim, he is seeking service connection for symptoms, regardless of how those symptoms are diagnosed or labeled). The reopened claim is remanded to the AOJ for further development. 

This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing system. 

The issue of entitlement to service connection for an acquired psychiatric disorder is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).




FINDINGS OF FACT

1. In an April 2004 rating decision, the Oakland, California, RO denied service connection for posttraumatic stress disorder. Although notified of the denial in an April 2004 letter, the Veteran did not initiate an appeal or submit new and material evidence within one year.

2. Evidence associated with the file since April 2004, when considered by itself or in connection with evidence previously assembled, relates to an unestablished fact necessary to substantiate the claim of entitlement to service connection for posttraumatic stress disorder.


CONCLUSION OF LAW

The criteria for reopening the claim for entitlement to service connection for posttraumatic stress disorder have been met. 38 U.S.C.A. §§ 5108, 7105 (West 2014); 38 C.F.R. § 3.156 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The claim of entitlement to service connection for PTSD was previously denied in an un-appealed April 2004 rating decision. Because new and material evidence has since been submitted, this claim will be reopened. 

VA may reopen and review a claim that has been previously denied if new and material evidence is submitted by or on behalf of a veteran. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156 (a); see Hodge v. West, 155 F. 3d 1356 (Fed. Cir. 1998). 

Regarding petitions to reopen filed on or after August 29, 2001, 38 C.F.R. § 3.156 (a) defines "new" evidence as evidence not previously submitted to agency decision makers and "material" evidence as evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156 (a). 

The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is "low." See Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). In determining whether this low threshold is met, VA should not limit its consideration to whether the newly submitted evidence relates specifically to the reason why the claim was last denied, but instead should ask whether the evidence could reasonably substantiate the claim were the claim to be reopened, either by triggering the VA Secretary's duty to assist or through consideration of an alternative theory of entitlement. Id. at 118.

When determining whether the claim should be reopened, the credibility of the newly submitted evidence is presumed. See Justus v. Principi, 3 Vet. App. 510 (1992). The newly presented evidence need not be probative of all the elements required to award the claim, just probative of each element (or at least one element) that was a specified basis for the last disallowance of the claim. See Evans v. Brown, 9 Vet. App. 273, 283 (1996); see also Hodge, 155 F.3d at 1363 (noting that new evidence could be sufficient to reopen a claim if it could contribute to a more complete picture of the circumstances surrounding the origin of a claimant's injury or disability, even where it would not be enough to convince the Board to grant the claim). 

In an April 2004 rating decision, the RO denied the Veteran's claim for entitlement to service connection for PTSD because the Veteran did not have a current diagnosis of PTSD. Although notified of this decision by an April 2004 letter, the Veteran did not initiate an appeal or submit new and material evidence within one year of the rating decision. The denial is final as to the evidence then of record, and is not subject to revision on the same factual basis. See 38 U.S.C.A. § 7105 (b); see also 38 C.F.R. §§ 3.104, 3.156(a), 20.302, 20.1103. 

Since the April 2004 rating decision, the RO denied an application to reopen the previously denied claim in an August 2012 rating decision. The Veteran filed a timely notice of disagreement (NOD), and perfected the appeal following the April 2013 statement of the case (SOC). 

Evidence submitted since the final April 2004 rating decision consists of VA treatment records, "buddy" statements and the Veteran's statements. VA treatment records indicate the Veteran was diagnosed and has been treated for PTSD. "Buddy" statements offer details regarding the PTSD stressor in question, a June 1978 forklift accident which resulted in a service member's death. The Veteran's statements offer additional details regarding the stressor, his PTSD treatment and the functional impact of his condition. 

Given that the threshold for substantiating a claim to reopen is low, the evidence associated with the claims file since the April 2004 denial, when considered by itself or in connection with evidence previously assembled, relates to an unestablished fact necessary to substantiate the claim for service connection for PTSD and raises a reasonable possibility of substantiating the claim. Thus, the claim of entitlement to service connection for PTSD is reopened and will be discussed in the Remand section below. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156.


ORDER

New and material evidence having been received, the petition to reopen the claim for entitlement to service connection for posttraumatic stress disorder is granted. 





REMAND

The Board has determined that additional development is necessary and the case is REMANDED for the following action:

1. Advise the Veteran that he may submit any further information as to the name and ranks of any individuals he alleges were killed in his claimed stressor involving the destruction of a forklift. Conduct any appropriate research towards corroboration of this stressor, in particular as to the Veteran's report that the individual killed in June 1978 was "WILLIE WILSON," or "KEN" OR "KENNETH." 

2. Request the Veteran provide any service treatment records he possesses or identify and secure any relevant private medical records that are not in the claims file. If the Veteran identifies private records, following the securing of the appropriate waivers, make all appropriate attempts to locate such records and to associate them with the claims file. If the Veteran has no further evidence to submit, or, if after exhaustive efforts have been made, no records can be identified, so annotate the record.

3. Obtain any outstanding VA medical records and associate them with the claims file. Conduct any medical inquiry deemed appropriate. 

4. Following the review and any additional development deemed necessary, re-adjudicate the claim. Should the claim not be granted in its entirety, issue an appropriate supplemental statement of the case (SSOC) and forward the claim to the Board for adjudication.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
Vito A. Clementi
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs