Citation Nr: 1725262 
Decision Date: 06/21/17 Archive Date: 07/17/17

DOCKET NO. 11-24 049 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for lumbar degenerative disc disease with left sciatica (previously claimed as severe sciatica, lumbar radiculopathy, nerve damage, spondylolisthesis, spinal stenosis, and arthritic degeneration of discs L4-L5).

2. Entitlement to service connection for lumbar degenerative disc disease (DDD) with left sciatica.

3. Entitlement to service connection for bilateral lower extremity post-phlebitic syndrome with venous insufficiency and edema.

4. Entitlement to a rating in excess of 30 percent since March 25, 2014, for bilateral pes planus.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

S. Anwar, Associate Counsel


INTRODUCTION

The Veteran had active service from May 1978 to January 1980.

This matter comes before the Board of Veterans' Appeals (Board) from April 2010, November 2014 and March 2015 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing system.

The issues of entitlement to service connection for lumbar DDD with left sciatica, entitlement to service connection for post-phlebitic syndrome, and a rating in excess of 30 percent since March 25, 2014, for bilateral pes planus, are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. In an April 1987 rating decision, the Waco, Texas, RO denied service connection for lumbar DDD with left sciatica. Although notified of the denial in an April 1987 letter, the Veteran did not initiate an appeal or submit new and material evidence within one year.

2. Evidence associated with the file since April 1987, when considered by itself or in connection with evidence previously assembled, relates to an unestablished fact necessary to substantiate the claim of entitlement to service connection for lumbar DDD with left sciatica.


CONCLUSIONS OF LAW

1. The April 1987 rating decision denying service connection for a lumbar DDD with left sciatica is final. 38 U.S.C.A. § 7105 (c) (West 2014); 38 C.F.R. §§ 3.104 (a), 20.302(a), 20.1103 (2016).

2. As pertinent evidence received since the April 1987 denial is new and material, the criteria for reopening the claim for service connection for lumbar DDD with left sciatica are met. 38 U.S.C.A. §§ 5108, 7105 (West 2014); 38 C.F.R. § 3.156 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The claim of service connection for lumbar DDD with left sciatica was previously denied in an un-appealed April 1987 rating decision. Because new and material evidence has since been submitted, this claim will be reopened. 

VA may reopen and review a claim that has been previously denied if new and material evidence is submitted by or on behalf of a veteran. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156 (a); see Hodge v. West, 155 F. 3d 1356 (Fed. Cir. 1998). 

Regarding petitions to reopen filed on or after August 29, 2001, 38 C.F.R. § 3.156 (a) defines "new" evidence as evidence not previously submitted to agency decision makers and "material" evidence as evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156 (a). 

The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is "low." See Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). In determining whether this low threshold is met, VA should not limit its consideration to whether the newly submitted evidence relates specifically to the reason why the claim was last denied, but instead should ask whether the evidence could reasonably substantiate the claim were the claim to be reopened, either by triggering the VA Secretary's duty to assist or through consideration of an alternative theory of entitlement. Id. at 118.

When determining whether the claim should be reopened, the credibility of the newly submitted evidence is presumed. See Justus v. Principi, 3 Vet. App. 510 (1992). The newly presented evidence need not be probative of all the elements required to award the claim, just probative of each element (or at least one element) that was a specified basis for the last disallowance of the claim. See Evans v. Brown, 9 Vet. App. 273, 283 (1996); see also Hodge, 155 F.3d at 1363 (noting that new evidence could be sufficient to reopen a claim if it could contribute to a more complete picture of the circumstances surrounding the origin of a claimant's injury or disability, even where it would not be enough to convince the Board to grant the claim). 

In an April 1987 rating decision, the RO denied the Veteran's claim for entitlement to service connection for lumbar DDD with left sciatica because the disability did not manifest in service or within the one year presumptive period following separation. Although notified of this decision by an April 1987 letter, the Veteran did not initiate an appeal or submit new and material evidence within one year of the rating decision. The denial is final as to the evidence then of record, and is not subject to revision on the same factual basis. See 38 U.S.C.A. § 7105 (b); see also 38 C.F.R. §§ 3.104, 3.156(a), 20.302, 20.1103. 

Since the April 1987 rating decision, the RO denied an application to reopen the previously denied claim in a September 2009 rating decision for failure to submit material evidence likely to substantiate the Veteran's claim. Since the September 2009 rating decision, the Veteran submitted additional material evidence. The RO denied the claim for entitlement to service connection for lumbar DDD with left sciatica in an April 2010 rating decision. The Veteran filed a timely notice of disagreement (NOD), and perfected the appeal following the May 2011 statement of the case (SOC). 

Evidence submitted since the final April 1987 rating decision consists of private treatment records, VA treatment records and the Veteran's statements. Private treatment records show a current diagnosis of spondylolisthesis with hypertrophic facet osteoarthritis, continuous treatment for back pain, but do not opine on the etiology or onset of the diagnoses. VA treatment records show continuous treatment for lumbar DDD and spinal stenosis, but do not opine on the etiology or onset of the diagnoses. The Veteran's statements provide additional details regarding the in-service event that may have an etiological relationship with her current lumbar DDD with left sciatica disability. 

Given that the threshold for substantiating a claim to reopen is low, the evidence associated with the claims file since the April 1987 denial, when considered by itself or in connection with evidence previously assembled, relates to an unestablished fact necessary to substantiate the claim for entitlement to service connection for lumbar DDD with left sciatica and raises a reasonable possibility of substantiating the claim. Thus, the claim of entitlement to service connection for lumbar DDD with left sciatica is reopened and will be remanded for further development. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156.


ORDER

New and material evidence having been received, the petition to reopen the claim for service connection for lumbar degenerative disc disease with left sciatica is granted.




REMAND

The Board has determined that additional development of the claims is necessary. 

Regarding the Veteran's claim for service connection for bilateral post-phlebitic syndrome, both the September 2013 and October 2014 VA medical examiners' opinions are inadequate to resolve the appeal. Specifically, the examiners did not address the Veteran's complaints in service for painful swelling and edema in her lower extremities. The Board requires an addendum opinion to fully and fairly evaluate her claim. 
 
In addition, the Veteran stated in her February 2016 VA Form 9 that her service-connected bilateral pes planus has worsened and demonstrates symptoms warranting a higher rating. Since over three years have passed since the September 2013 VA medical examination, a new examination is needed to fully and fairly evaluate her disability.

Accordingly, the case is REMANDED for the following action:

1. Request the Veteran provide any service treatment records she possesses or identify and secure any relevant private medical records that are not in the claims file. If the Veteran identifies private records, following the securing of the appropriate waivers, make all appropriate attempts to locate such records and to associate them with the claims file. If the Veteran has no further evidence to submit, or, if after exhaustive efforts have been made, no records can be identified, so annotate the record.

2. Obtain any outstanding VA medical records and associate them with the claims file.

3. Schedule the Veteran for an appropriate VA examination to determine the nature and etiology of her current lumbar diagnoses. The entire claims file, including a copy of the Remand, should be made available to, and be reviewed by, the VA examiner. All appropriate tests, studies, and consultations should be accomplished and all clinical findings should be reported in detail. A rationale should be given for all opinions and conclusions rendered.

Based upon a review of the relevant evidence of record, history provided by the Veteran, and sound medical principles, the VA examiner should provide the following opinions:

a) Were any of the Veteran's current lumbar diagnoses, to include lumbar DDD with left sciatica, spondylolisthesis, spinal stenosis, and facet osteoarthritis, incurred in service or caused by an in-service injury, event or illness?

b) Are any of the Veteran's current lumbar diagnoses proximately due to or aggravated by any of the Veteran's service-connected disabilities (i.e., bilateral pes planus; a right knee sprain with shin splints; a left knee sprain with sin splints; a right ankle strain; and a left ankle strain)?

In rendering these opinions, the examiner must review the entire record in conjunction with rendering the requested opinions. IN ADDITION TO ANY RECORDS THAT ARE GENERATED AS A RESULT OF THIS REMAND, The VA examiner's attention is drawn to the following:

* The April 1978 entrance report of medical examination that did not show any back symptoms, complaints or abnormalities.

* The Veteran reported to Troop Medical Clinic on June 7, 1978, for back-related pain and swelling. The notes indicated the Veteran had lifted twenty-one wall lockers "yesterday." See VBMS entries dated November 10, 1986 and October 4, 2008.

* February 1987 VA medical examination notes indicated the Veteran's lumbar spine showed "facets at L4 on the right and bilaterally at L5 on the left to be in a different plane than those above with a questionable slight increase in sclerosis." The examiner's impression was "anomalous lower lumbar spine." See VBMS entry dated April 9, 1987. 

* The Veteran's September 7, 2011, VA Form 9 statement detailing the physical impact of loading, transporting and unloading the wall lockers; and, that she had to wear oversized shoes throughout service.

* Service connection is in effect for bilateral pes planus, right and left knee sprains with shin splints, and right and left ankle strains. 

A thorough explanation must be provided for the opinions rendered. If the examiner cannot provide the requested opinion without resorting to speculation, s/he should expressly indicate this and provide supporting rationale as to why the opinions cannot be made without resorting to speculation. 

THE EXAMINER IS ADVISED THAT BY LAW, THE MERE STATEMENT THAT THE CLAIMS FOLDER WAS REVIEWED AND/OR THE EXAMINER HAS EXPERTISE IS NOT SUFFICIENT TO FIND THE EXAMINATION/OPINION SUFFICIENT.

4. Return the claims file to either the September 2013 or October 2014 VA examiner and request either review the claims file and respond to the inquiry below regarding the Veteran's post-phlebitic syndrome. If either examiner deems it necessary or either ARE OTHERWISE UNAVAILABLE, schedule the Veteran for an appropriate VA examination to assist in determining the nature and etiology of the Veteran's post-phlebitic syndrome symptoms. All appropriate tests, studies and consultations should be accomplished, including a new medical examination if necessary, and all clinical findings should be reported in detail in the narrative portion of the examination report. 

Based upon a review of the relevant evidence of record, history provided by the Veteran, and sound medical principles, the VA examiner should provide the following opinion:

Is the Veteran's current post-phlebitic syndrome incurred in service or caused by an in-service injury, event or illness? 

In rendering this opinion, the examiner must review the entire record in conjunction with rendering the requested opinion. IN ADDITION TO ANY RECORDS THAT ARE GENERATED AS A RESULT OF THIS REMAND, The VA examiner's attention is drawn to the following:

* The April 1978 entrance report of medical examination that did not show any post-phlebitic syndrome symptoms, complaints, or abnormalities.

* STRs indicate the Veteran reported to Troop Medical Clinic on June 7, 1978, for back-related pain and swelling. The notes indicated the Veteran had lifted twenty-one wall lockers "yesterday" and that the Veteran demonstrated swelling of both tibias. See VBMS entries dated November 10, 1986 and October 4, 2008. 

* STRs indicate on June 20, 1978, the Veteran demonstrated continued swelling in her lower extremities. She was diagnosed with "overuse edema" and was treated with gel casts for her lower extremities. 

* STRs indicate on July 14, 1978, the Veteran demonstrated "excess heavy fluids" and "lot of swelling."

* STRs indicate on September 13, 1978, the Veteran requested a diuretic for "edema to extremities." 

* The September 2013 VA examiner noted the Veteran has a diagnosis of varicose veins and medical sclerosis of the bilateral lower extremities as of 2013. The examiner opined the condition is less likely than not related to the Veteran's service-connected conditions. He did not provide a medical opinion for direct service connection.

* The October 2014 VA examiner noted the Veteran has a diagnosis of post-phlebitic syndrome with venous insufficiency and edema of the lower extremities as of 1978, which is during service. The examiner opined the condition is less likely than not related to the Veteran's service-connected conditions. He did not provide a medical opinion for direct service connection.

A thorough explanation must be provided for the opinion rendered. If the examiner cannot provide the requested opinion without resorting to speculation, s/he should expressly indicate this and provide supporting rationale as to why the opinion cannot be made without resorting to speculation. 

The examiner should schedule a new examination only if necessary to provide an adequate opinion.

THE EXAMINER IS ADVISED THAT BY LAW, THE MERE STATEMENT THAT THE CLAIMS FOLDER WAS REVIEWED AND/OR THE EXAMINER HAS EXPERTISE IS NOT SUFFICIENT TO FIND THE EXAMINATION/OPINION SUFFICIENT.

5. Schedule the Veteran for an appropriate VA examination to determine the severity of her bilateral pes planus. The entire claims file, including a copy of the Remand, should be made available to, and be reviewed by, the VA examiner. All appropriate tests, studies, and consultations should be accomplished and all clinical findings should be reported in detail. A rationale should be given for all opinions and conclusions rendered. 

6. Following the review and any additional development deemed necessary, re-adjudicate the claims. Should the claims not be granted in its entirety, issue an appropriate supplemental statement of the case (SSOC) and forward the claims to the Board for adjudication.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
Vito A. Clementi
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs