Citation Nr: 1755123 
Decision Date: 11/06/17 Archive Date: 12/07/17

DOCKET NO. 13-34 241 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim for entitlement to service connection for a right shoulder disability, claimed as residuals of chronic dislocation of the right shoulder and clavicle.

2. Entitlement to service connection for a right shoulder disability.

3. Entitlement to service connection for a heart disability, claimed as a history of atrial fibrillation.


REPRESENTATION

Veteran represented by: Karl A. Kazmierczak, Attorney at Law


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

S. Anwar, Associate Counsel


INTRODUCTION

The Veteran had active service from May 1967 to April 1969.

This matter comes before the Board of Veterans' Appeals (Board) from a February 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania.

In June 2017, the Veteran testified at a Videoconference hearing before the undersigned Veterans Law Judge. The undersigned noted the issues on appeal and engaged in a colloquy with the Veteran toward substantiation of the claims. See Bryant v. Shinseki, 23 Vet. App. 488, 496-97 (2010). A copy of the hearing transcript is associated with the claims file.

The issue of service connection for an acquired psychiatric disorder will be addressed in a separate decision.

Pursuant to VA's duties to notify and assist the Veteran, VA advised the claimant how to substantiate an application for benefits, obtained all relevant and available evidence, and conducted any appropriate medical inquiry. The appeal is ready for appellate review. This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing system. 





FINDINGS OF FACT

1. In a March 1986 rating decision, the Philadelphia, Pennsylvania, RO denied service connection for a right shoulder disability. Although notified of the denial in a March 1986 letter, the Veteran did not initiate an appeal or submit new and material evidence within one year.

2. Evidence associated with the file since March 1986, when considered by itself or in connection with evidence previously assembled, relates to an unestablished fact necessary to substantiate the claim of entitlement to service connection for a right shoulder disability.

3. The Veteran's current heart disability was not incurred in service.


CONCLUSIONS OF LAW

1. The March 1986 rating decision denying service connection for a right shoulder disability is final. 38 U.S.C.A. § 7105 (c) (West 2014); 38 C.F.R. §§ 3.104 (a), 20.302(a), 20.1103 (2016).

2. As pertinent evidence received since the March 1986 denial is new and material, the criteria for reopening the claim for service connection for a right shoulder disability are met. 38 U.S.C.A. §§ 5108, 7105 (West 2014); 38 C.F.R. § 3.156 (2016).

3. The criteria to establish service connection for a heart disability have not been met. 38 U.S.C.A. §§ 1110, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2016).






REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Application to reopen a previously denied claim

VA may reopen and review a claim that has been previously denied if new and material evidence is submitted by or on behalf of a veteran. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156 (a); see Hodge v. West, 155 F. 3d 1356 (Fed. Cir. 1998). Because new and material evidence has since been submitted, this claim will be reopened.

AOJ decisions are final and binding based on evidence on file at the time the claimant is notified of the decision and may not be revised on the same factual basis except by a duly constituted appellate authority. 38 C.F.R. § 3.104 (a). The claimant has one year from notification of an AOJ decision to initiate an appeal by filing a notice of disagreement with the decision, and the decision becomes final if an appeal is not perfected within the allowed time period. 38 U.S.C.A. § 7105 (b) and (c); 38 C.F.R. §§ 3.160 (d), 20.200, 20.201, 20.202, and 20.302(a). The Veteran did not file a notice of disagreement within one year of the March 1986 notice of the decision denying service connection for a right shoulder disability. That decision is final. See 38 C.F.R. 3.156 (b); Bond v. Shinseki, 659 F.3d 1362 (Fed. Cir. 2011); see also Buie v. Shinseki, 24 Vet. App. 242, 251-52 (2010).

Generally, a claim that has been denied in an un-appealed Board decision or an un-appealed RO decision may not thereafter be reopened and allowed. 38 U.S.C.A. §§ 7104 (b), 7105 (c). The exception to this rule is 38 U.S.C.A. § 5108, which provides that if new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim. 

New evidence means existing evidence not previously submitted to agency decision makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156 (a).

The Court has held that the determination of whether newly submitted evidence raises a reasonable possibility of substantiating the claim should be considered a component of the question of what is new and material evidence, rather than a separate determination to be made after the Board has found that evidence is new and material. See Shade v. Shinseki, 24 Vet. App. 110 (2010). 

The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is "low." See Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). In determining whether this low threshold is met, VA should not limit its consideration to whether the newly submitted evidence relates specifically to the reason why the claim was last denied, but instead should ask whether the evidence could reasonably substantiate the claim were the claim to be reopened, either by triggering the VA Secretary's duty to assist or through consideration of an alternative theory of entitlement. Id. at 118.

When determining whether the claim should be reopened, the credibility of the newly submitted evidence is presumed. See Justus v. Principi, 3 Vet. App. 510 (1992). The newly presented evidence need not be probative of all the elements required to award the claim, just probative of each element (or at least one element) that was a specified basis for the last disallowance of the claim. See Evans v. Brown, 9 Vet. App. 273, 283 (1996); see also Hodge, 155 F.3d at 1363 (noting that new evidence could be sufficient to reopen a claim if it could contribute to a more complete picture of the circumstances surrounding the origin of a claimant's injury or disability, even where it would not be enough to convince the Board to grant the claim). 

In a June 1969 rating decision, the RO denied the Veteran's claim of entitlement to service connection for a right shoulder disability because the Veteran failed to report to a medical examination. Although notified of this decision by a June 1969 letter, the Veteran did not initiate an appeal or submit new and material evidence within one year of the rating decision. The denial is final as to the evidence then of record, and is not subject to revision on the same factual basis. See 38 U.S.C.A. § 7105 (b); see also 38 C.F.R. §§ 3.104, 3.156 (a), 20.302, 20.1103. 

In July 1973, the Veteran petitioned to reopen his claim. In an August 1973 rating decision, the RO reopened the claim but denied service connection because the evidence did not indicate the Veteran's disability was related to service. The Veteran initiated a timely appeal, and the Board decision in June 1975 denied service connection. 38 U.S.C.A. § 7104; 38 C.F.R. § 20.1103.

In December 1985, the Veteran petitioned to reopen his claim for service connection. In a March 1986 decision, the RO reopened the claim but denied service connection because the evidence did not indicate the Veteran's disability was related to service. The Veteran did not initiate a timely appeal, and the March 1986 rating decision became final. 38 U.S.C.A. § 7105; 38 C.F.R. § 20.1103. The March 1986 rating decision is the last final denial of the claim.

In May 2011, the Veteran petitioned to reopen the claim. In a February 2012 rating decision, the RO denied reopening the claim because the evidence was new but not material. The Veteran filed a timely notice of disagreement (NOD), and perfected the appeal following the December 2013 statement of the case (SOC). 

Evidence submitted since the final March 1986 rating decision consists of additional service personnel records, VA and private medical records, and the Veteran's statements. The RO attempted to verify the Veteran's statements that he was treated at a field hospital in Vietnam. VA and private medical records include treatment notes and an opinion from a private orthopedist. The Veteran's statements include a copy of a letter sent to his father during his Vietnam service indicating his transfer to the location where he claimed to have sustained a shoulder injury.

Given that the threshold for substantiating a claim to reopen is low, the evidence associated with the claims file since the March 1986 denial, when considered by itself or in connection with evidence previously assembled, relates to an unestablished fact necessary to substantiate the claim for service connection of a right shoulder disability and raises a reasonable possibility of substantiating the claim. The claim will be remanded for further development. 


Service Connection - Heart Disability

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by service. See 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). "To establish a right to compensation for a present disability, a Veteran must show: '(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service' - the so-called 'nexus' requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). Disorders diagnosed after discharge will still be service connected if all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d); see Combee v. Brown, 34 F.3d 1039, 1043 (Fed. Cir. 1994).

In deciding an appeal, the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material favorable to the claimant. Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990). Competency of evidence differs from weight and credibility. Competency is a legal concept determining whether testimony may be heard and considered by the trier of fact, while credibility is a factual determination going to the probative value of the evidence to be made after the evidence has been admitted. Rucker v. Brown, 10 Vet. App. 67, 74 (1997); Layno v. Brown, 6 Vet. App. 465, 469 (1994). 

When considering whether lay evidence is competent, the Board must determine, on a case-by-case basis, whether a veteran's particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). A veteran is competent to report symptoms because this requires only personal knowledge, not medical expertise, as it comes to him through his senses. See Layno, 6 Vet. App. 465, 469. Lay testimony is competent to establish the presence of observable symptomatology, where the determination is not medical in nature and is capable of lay observation. Barr, 21 Vet. App. 303. Lay evidence may establish a diagnosis of a simple medical condition, a contemporaneous medical diagnosis, or symptoms that later support a diagnosis by a medical professional. Jandreau, 492 F.3d 1372, 1377.

When all the evidence is assembled, the Board is then responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether the preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

The Veteran indicated in his August 1966 report of medical history that he had shortness of breath, pain or pressure in his chest, and a chronic cough, but no palpitation or pounding heart, or high or low blood pressure. The Veteran's pre-induction medical examination indicated a normal heart. There are no complaints, diagnoses or treatments for heart-related symptomatology in service. The Veteran's April 1969 report of medical history indicated he did not have any of the symptoms he reported pre-induction. The Veteran's separation examination was normal.

In 1999, the Veteran underwent a cardiac catheterization procedure to address his atrial fibrillation. 

At the October 2010 VA medical examination, the examiner noted the Veteran's 1999 surgery and that he continued to have occasional episodes of atrial fibrillation. The examiner also noted the Veteran did not have a current diagnosis of ischemic heart disease or any other heart-related condition which qualifies for presumptive service connection based on exposure to herbicide agents. See 38 C.F.R. §§ 3.307, 3.309 (e). 

Private treatment records indicate the Veteran continues to receive treatment for occasional episodes of atrial fibrillation.

The preponderance of the evidence is against the claim for service connection for atrial fibrillation. There is no probative medical evidence linking the Veteran's current heart disability to service.

The Veteran has continuously indicated throughout the appeal that his current heart disability is a result of other medical conditions, including hypertension and posttraumatic stress disorder, both of which the Veteran has claimed service connection for in the past. The Veteran is competent to report observable symptomatology of his condition and to relate a contemporaneous medical diagnosis. See Layno, 6 Vet. App. 465, 469; see also Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). However, while the Veteran has attempted to establish a nexus through his own lay assertions, the Veteran is not competent to offer opinions as to the etiology of his current heart disability. See Jandreau, 492 F.3d 1372, 1377 n.4; Woehlaert v. Nicholson, 21 Vet. App. 456, 462 (2007). Atrial fibrillation requires specialized training for determinations as to diagnosis and causation, and is therefore not susceptible to lay opinions on etiology. Thus, the Veteran is not competent to render such a nexus opinion or attempt to present lay assertions to establish a nexus between his current diagnosis and its relationship to his other medical conditions. Since there is no probative medical evidence linking the Veteran's current heart disability to service, the claim for service connection is denied. 

As the preponderance of the evidence is against the claim, the benefit-of-the-doubt doctrine is not applicable. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990). 


ORDER

New and material evidence having been received, the petition to reopen a claim for entitlement to service connection for a right shoulder disability is granted.
Service connection for a heart disability is denied. 


REMAND

The Board has determined that additional development is required of the claim of service connection for a right shoulder disorder. The claim is REMANDED for the following:

1. Ask the Veteran if he as any further medical or non-medical evidence to submit and assist him in obtaining any existing evidence not in his possession.

2. Schedule the Veteran for a VA medical examination to determine if he has a right shoulder disorder that is the result of any incident of military service. Although the examiner must review the evidence contained in the VBMS file, the examiner's attention is called to: 

*The Veteran's pre-induction medical examination indicated normal upper extremities. The Veteran reported no painful or "trick" shoulder in his April 1969 pre-separation report of medical history. His separation examination indicated normal upper extremities; 

*The Veteran contends he broke his collar bone and tore shoulder ligaments when he fell while running during a mortar attack in early 1969. He reported he was treated for a shoulder injury for one week at the 8th Field Hospital while stationed in Vietnam. Although service treatment records do not indicate the Veteran was treated for a right shoulder injury during service, THE EXAMINER MUST ASSUME AS TRUE THAT THE VETERAN'S ACCOUNT OF WHAT OCCURRED IN SERVICE AS TO THE MORTAR ATTACKS IS TRUE. IT IS THE EXAMINER'S ROLE TO DETERMINE WHETHER THE VETERAN HAS A CURRENT RIGHT SHOULDER DISABILITY DUE TO FALLING AS HE ALLEGED DURING MILITARY SERVICE; 

*VA treatment records indicate the Veteran underwent shoulder surgeries in 1990, 1993 and 1995. Private treatment records indicate the Veteran has a current diagnosis of post-traumatic arthritis in his right shoulder;

*A July 2017 opinion of a physician's assistant at a private orthopedic practice reflects a current diagnosis of post-traumatic arthritis, and noted that the Veteran had right shoulder surgery in 2003 for a "war injury in 1969" and for an old clavicle fracture "from same time noted." 

3. After conducting the above development and any other necessary, readjudicate the claim and follow all other appropriate appellate procedures. 

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court 
of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



____________________________________________
Vito A. Clementi
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs