﻿Citation Nr: 18107540
Decision Date: 06/04/18 Archive Date: 06/02/18

DOCKET NO. 15-08 665
DATE: June 4, 2018
ORDER
As new and material evidence has been received, the claim of entitlement to service connection for head injury residuals is reopened. 
REMANDED
The issue of entitlement to service connection for head injury residuals, to include traumatic brain injury (TBI) residuals, is remanded. 
FINDINGS OF FACT
1. An April 2002 rating decision denied service connection for head injury residuals. The Veteran did not submit a timely notice of disagreement and the April 2002 rating decision is final. 
2. The additional evidence received since the April 2002 rating decision is new and material. 
CONCLUSIONS OF LAW
1. The April 2002 rating decision that denied service connection for head injury residuals is final. 38 U.S.C. § 7105; 38 C.F.R. § 20.1103. 
2. New and material evidence to reopen the claim for service connection for head trauma residuals has been presented. 38 U.S.C. § 5108; 38 C.F.R. § 3.156. 
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran had active service from June 1974 to March 1982. 
Application to Reopen Claims for Service Connection
The Veteran asserts that service connection for recurrent TBI residuals is warranted as he sustained the claimed disability in an in service motor vehicle accident. 
A rating decision is final and is not subject to revision upon the same factual basis except upon a finding of clear and unmistakable error where a notice of disagreement or material evidence was not received within one year of notification of the decision. 38 U.S.C. §§ 5108, 7105; 38 C.F.R. §§ 3.156(b), 20.200, 20.300, 20.1103. 
A claimant may reopen a finally adjudicated claim by submitting new and material evidence. New evidence means existing evidence not previously submitted to agency decision makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. There is a low threshold to raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a); Shade v. Shinseki, 24 Vet. App. 110 (2010); Evans v. Brown, 9 Vet. App 273 (1996); Hodge v. West, 155 F.3d 1356 (Fed. Cir. 1998). 
New and material evidence received prior to the expiration of the appeal period will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period. 38 C.F.R. § 3.156(b). 
An April 2002 Department of Veterans Affairs (VA) rating decision denied service connection for head injury residuals “because there is no diagnosis of a chronic condition subject to service connection.” The Veteran did not submit a timely notice of disagreement and the April 2002 rating decision is final. 
The evidence considered in reaching the April 2002 rating decision included service medical records, service personnel records, VA clinical documentation, private clinical documentation, and written statements from the Veteran. The service medical records show that the Veteran sustained head trauma in a November 1980 motor vehicle accident in Germany. He underwent a period of observation for the head injury. The report of a September 1983 VA psychiatric examination states that the Veteran complained of constant headaches, depression associated with his physical condition, and an inability to work due to pain since that 1980 in service motor vehicle accident. The examiner commented that: “no pathological nervous disorder found;” “however, if he does not learn to emotionally control his pain states and continues in the current path, it will lead to more nervous pathology;” and “the progress from the accident in 1980 is reasonable.” An October 1983 VA rating decision established service connection for head laceration residuals sustained in the November 1980 motor vehicle accident. In a May 2001 informal claim for service connection, the Veteran reported that he experienced “memory disturbance” associated with the head trauma. 
New and material evidence pertaining to the issue of entitlement to service connection for head injury residuals was not received by VA or constructively in its possession within one year of written notice to the Veteran of the April 2002 rating decision. Therefore, that decision became final. 38 C.F.R. § 3.156(b). 
The additional evidence received since the April 2002 rating decision includes VA examination and treatment records, private clinical documentation, Social Security Administration (SSA) documentation, and written statements from the Veteran. An October 2007 VA treatment record shows that “at the time of an automobile accident in 1980, he sustained a … contusion and lacerations to the forehead, and was mentioned to have headache thereafter.” In the February 2015 substantive appeal, the Veteran asserted that he had recurrent TBI residuals including headaches, blurred vision, and memory loss. 
The Board finds that the October 2007 VA treatment record and the February 2015 substantive appeal are of such significance that they raise a reasonable possibility of substantiating the claim for service connection. The documentation addresses the reason of the previous denial as it addresses the presence of recurrent head trauma residuals. As new and material evidence has been received, the claim of entitlement to service connection for head trauma residuals is reopened. 
REASONS FOR REMAND
The issue of entitlement to service connection for recurrent head injury residuals to include TBI residuals is remanded. 
The claim for service connection for recurrent head injury residuals, to include TBI residuals, has been reopened. However, the Board finds that further development is needed before the claim can be adjudicated. 
The Veteran contends that service connection for TBI residuals is warranted as the claimed disability was incurred secondary to a documented in service motor vehicle accident and associated head trauma. 
An April 2012 VA treatment record indicates that the Veteran was initially diagnosed with recurrent major depressive disorder in August 2000. 
The report of a February 2013 VA TBI examination states that the Veteran was diagnosed with head trauma residuals including forehead laceration residuals and no TBI residuals. The examiner noted that the Veteran had no headaches “related to head injury” and “no diagnosis of mental disorder.” The VA physician did not note or otherwise discuss the VA clinical documentation showing the Veteran’s complaints of recurrent headaches and psychiatric symptoms since the documented in service 1980 motor vehicle accident and associated head trauma. Because of that deficiency, the Board finds that the February 2013 VA examination report is of limited probative value. 
VA’s duty to assist includes, in appropriate cases, the duty to conduct a thorough and contemporaneous medical examination which is accurate and fully descriptive. McLendon v. Nicholson, 20 Vet. App. 79 (2006); Green v. Derwinski, 1 Vet. App. 121, 124 (1991). When VA obtain an evaluation, the evaluation must be adequate. Barr v. Nicholson, 21 Vet. App. 303 (2007). The Board finds that further VA TBI evaluation is necessary to adequately resolve the issues raised by the appeal. 
VA clinical documentation dated after March 2018 is not of record. VA should obtain all relevant VA and private treatment records which could potentially be helpful in resolving the Veteran’s claim. Murphy v. Derwinski, 1 Vet. App. 78 (1990); Bell v. Derwinski, 2 Vet. App. 611 (1992). 
The matter is REMANDED for the following action:
1. Ask the Veteran to complete a VA Form 21-4142 for each private healthcare provider who has treated the claimed head trauma or TBI residuals. Make two requests for the authorized records from all identified healthcare providers unless it is clear after the first request that a second request would be futile. 
2. Obtain the Veteran’s VA treatment records for the period on and after March 2018. 
3. Schedule the Veteran for a VA TBI examination to be conducted by one of the four designated specialists (physiatrist, psychiatrist, neurologist, or neurosurgeon). The examiner must review the record and should note that review in the report. A rationale for all opinions should be provided. The examiner should:
(a) Diagnose all head injury or TBI residuals found. If no head injury or TBI residuals are identified, the examiner should so state that fact. The examiner should address the Veteran’s contention that he has headaches, blurred vision, and memory loss as a result of the head injury.
(b) Opine whether it is at least as likely as not (50 percent probability or greater) that any identified head injury or TBI residuals had their onset during active service or are related to any incident of service, including the documented in service November 1980 motor vehicle accident and associated head trauma. 

 
Harvey P. Roberts
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD J. T. Hutcheson, Counsel