﻿Citation Nr: 18132482
Decision Date: 09/06/18 Archive Date: 09/06/18

DOCKET NO. 15-07 469
DATE: September 6, 2018
ORDER
As new and material evidence has been received, the claim for entitlement to service connection for a lower back injury is reopened. The appeal is allowed to this extent. 
REMANDED
Entitlement to service connection for a lower back injury is remanded.
FINDINGS OF FACT
1. Service connection for a lower back injury was denied by an unappealed rating action of April 1973. The Veteran was notified and did not appeal. 
2. Evidence received since that final rating action is not cumulative and redundant and provides a possible basis of substantiating the claim.
CONCLUSION OF LAW
1. New and material evidence has been received since the last final rating action denying service connection for a lower back injury and the claim is reopened. 38 U.S.C. §§ 5108, 7105; 38 C.F.R. § 3.156.
REASONS AND BASES FOR FINDINGS AND CONCLUSION
The Veteran had a period of active duty service from June 1965 to March 1973. The Veteran testified before the undersigned at a Board hearing in May 2018. 
As new and material evidence has been received, the claim entitlement to service connection for a lower back injury is reopened.
VA may reopen and review a claim that has been previously denied if new and material evidence is submitted by or on behalf of a Veteran. 38 U.S.C. § 5108 (2012); 38 C.F.R. § 3.156(a) (2017); Hodge v. West, 155 F. 3d 1356 (Fed. Cir. 1998). 
New evidence is evidence not previously submitted to agency decision makers. Material evidence is evidence that by itself, or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a) (2017).
In determining whether new and material evidence has been received, VA must initially decide whether evidence associated with the claims file since the prior final denial is new and material. That analysis is undertaken by comparing newly received evidence with the evidence previously of record. Here, it is concluded that the evidence received is not new and material.
For the singular purpose of determining whether new and material evidence has been submitted that is sufficient to reopen a claim, the credibility of the evidence is to be presumed. Justus v. Principi, 3 Vet. App. 510, 513 (1992).
The United States Court of Appeals for Veterans Claims (the Court) has endorsed a low threshold standard for reopening a claim. Shade v. Shinseki, 24 Vet. App. 110 (2010).
At the time of the final rating decision in April 1973, the Veteran’s evidence of a lower back disability consisted of STRs, including his separation examination. It was held that the in-service back injury, reported in November 1966 as a contusion to the sacral spine, left hip and left thigh had been treated and resolved. The Veteran had been cleared and discharged to duty after a brief period. X-rays were negative and there were no pertinent findings on the separation examination. 
Since the last rating decision, the Veteran has asserted he has had multiple treatments for his back disorder, records of which do not appear in the claims file. Furthermore, medical records from the Veteran’s 2007 back surgery note longstanding back problem. In a May 2018 hearing before the undersigned, he testified that his chronic lower back pain began in-service when he was involved in a vehicle accident. He reported a 30-day hospitalization in Korea. This evidence, is new and material. The evidence submitted does raise the possibility of substantiating an unestablished fact necessary to pursue the claim. Accordingly, the claim of entitlement to service connection for claimed a lower back injury is reopened.
REASONS FOR REMAND
Entitlement to service connection for a lower back disability is remanded.
In a May 2018 hearing before the undersigned the Veteran testified that he underwent multiple treatments for his back injury in the years after service. These records are not in the claims file and an attempt to obtain pertinent records should be undertaken. Furthermore, medical records from the Veteran’s 2007 back surgery note longstanding back problem. It is not clear how long prior to the surgery the Veteran may have been treated by this provider, but pre-surgical records should be obtained to ascertain the meaning of “longstanding” if possible.
Further the Veteran has testified that he was treated as an inpatient for approximately 30 days in November to December 1966 at the 2nd Battalion Medical Hospital in Korea. As hospitalization records may be kept separate from service treatment records, and attempt to obtain these records should be undertaken. The available service personnel and service treatment records do not indicate a period of extended hospitalization.
The matter is REMANDED for the following action:
1. Contact the Veteran to identify any pertinent private or VA treatment records that might be outstanding and associate them with the claims file and specifically include records of any complaints, diagnosis, or treatments of a lower back injury. He should identify locations and approximate dates of treatment and provide any releases needed. This should include an attempt to obtain any records prior to the 2007 back surgery, and should include an attempt to obtain service hospitalization records from Korea from late 1966 as noted above. All attempts to obtain documents should be associated with the claims folder.
2. After the records are obtained, but whether or not records are obtained, arrange for a VA physical examination of the Veteran’s low back by an appropriate examiner. The examiner must be given access to all records contained in Virtual VA and VBMS, and a notation must be made that review of all records has been accomplished. After a thorough review of the medical history along with the Veteran’s other in-service injuries, the examiner is requested to prepare a detailed opinion which answers the following questions: 
Based on the medical records of the claims file is the Veteran’s currently diagnosed chronic lower back disability as likely as not (50 percent probability or more) the result of his in-service November 1966 in-service vehicle accident. 
The examiner must take into account the Veteran’s medical records and reports of consist treatment for his lower back injury since discharge from service. 
If the examiner cannot provide any of the requested opinions, they must affirm that all procurable and assembled data was fully considered and a detailed rationale must be provided for why an opinion cannot be rendered.
3. The AOJ must ensure that the examiner’s report complies with this remand and answers the questions presented in the request. The AOJ must also ensure that the examiner documents consideration of the electronic claims file, including any records contained in Virtual 
 
VA and VBMS. If the report is insufficient, the AOJ must return it to the examiner for necessary corrective action as appropriate
 
MICHAEL D. LYON
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD M. Elliot Harris, Associate Counsel